Esther Yudell, Respondent, *v.* Robert I. Yudell, Appellant.

First Department, December 8, 1953.

*Harry H. Oshrin* of counsel (*Nathan Stieglitz* with him on the brief; *Harry H. Oshrin,* attorney), for appellant.

*Nicholas Atlas* of counsel (*Richman & Richman,* attorneys), for respondent.

*Per Curiam.* In this action for divorce plaintiff wife moved for temporary alimony and counsel fees. Defendant husband opposed the motion. The Special Term referred the matter of the husband's financial status to a private referee to hear and report.

We have heretofore suggested that references to official or private referees should be avoided in matters of this kind, and that better protection may be afforded to the parties by assuring a speedy trial of the action. Such a speedy trial may be promoted by having Special Term, in a case where reasonable probability of success is established, fix temporary alimony and counsel fees on the affidavits. The amount awarded should not be so large as to encourage any extension of the period of temporary alimony payments, but sufficient to assure support awaiting trial (*Bleiman* v. *Bleiman,* 272 App. Div. 760; *Tee* v. *Tee Ka Chay,* 277 App. Div. 782).

We repeat our earlier suggestion and call further attention to the important factor of the impact of the Federal income tax regulations, which make alimony paid under a permanent decree an allowable deduction to the husband, but affording no such relief as to temporary alimony. (See U. S. Code, tit. 26, § 22, subd. [k]; § 23, subd. [u], [Internal Revenue Code].) This difference should be kept in mind in fixing temporary and permanent alimony. The tax factor affords further reason for speeding the trial. As to counsel fees, an award may be made with the reservation that the trial judge may supplement any sum allowed, if he finds that the facts developed and circumstances warrant such action.

We find plaintiff has established, prima facie, a reasonable probability of success, and modify the order appealed from by fixing temporary alimony at $350 a month, plus counsel fees of $1,500, on condition that the defendant continue to pay the rent of the apartment occupied by the wife and children, the utility bills and insurance premiums, etc., which he has continued to pay up to the present time. Settle order, which may contain a provision reserving the right to the trial court to supplement counsel fees, if circumstances warrant.

PECK, P. J., DORE, COHN, CALLAHAN and BOTEIN, JJ., concur.

Order unanimously modified in accordance with the opinion herein and, as so modified, affirmed. Settle order on notice which may contain a provision reserving the right to the trial court to supplement counsel fees, if circumstances warrant.