ALICE S. STEVENS, as Administratrix with the Will Annexed of CHARLES G. BANKS, Deceased, Appellant, v. FRANCES M. NYE et al., Respondents.— On May 28, 1946, a written binder agreement was entered into between petitioner, as seller, and respondent Frances M. Nye, as purchaser, providing for the sale and purchase of certain real property in New Rochelle. A formal contract of sale was entered into on June 22, 1946, which provided that possession was given to the purchaser as a " tenant at sufferance ", and that the purchaser " shall not * * * be deemed a vendee in possession." The agreement to purchase was never consummated. On August 25, 1952, petitioner served the thirty-day notice required by section 228 of the Real Property Law to terminate the tenancy and thereafter instituted this summary proceeding to recover possession. The City Court of New Rochelle dismissed the petition, and the County Court of Westchester County affirmed the final order dismissing the petition, on the ground that there was no landlord and tenant relationship between the parties and, therefore, summary proceedings would not lie. Final order reversed on the law, with costs to the appellant, and new hearing granted. If a purchaser of real property is permitted or given the right to take possession thereof prior to the conveyance of title, the conventional relationship of landlord and tenant between him and the vendor is not thereby created (*Castle* v. *Armstead*, 168 App. Div. 466, affd. 219 N. Y. 615) and summary proceedings will, therefore, not lie to dispossess a purchaser who retains possession after his default, or after the contract has been abandoned. (*Matter of Norton* v. *Norton*, 212 App. Div. 845.) The proper remedy is by ejectment. However, a contract for the sale of land may by express provision create the relationship of landlord and tenant between the parties pending the consummation of the contract (*Millbrook Co.* v. *Gambier*, 176 App. Div. 870) and in such case the vendor can then maintain summary proceedings for the recovery of possession upon the refusal or failure of the purchaser to consummate the purchase (*Murphy* v. *Hasselbach*, 171 N. Y. S. 287). In the case at bar, the agreement of June 22, 1946, created the relationship of landlord and tenant between the parties. Nolan, P. J., Adel, Schmidt and Beldock, JJ., concur; Wenzel, J., dissents and votes to affirm, with the following memorandum: The mere statement, in a contract for the sale of real property, that the relationship between the parties is that of landlord and tenant does not make it so. The purchaser has equitable title to the property whether or not he is " deemed a vendee in possession." There are here none of

the indicia of the relationship of landlord and tenant — no rent reserved, no specified term, no other covenants between the parties, expressed or implied, as are usual in such a relationship. "Tenant by sufferance" is not synonymous with "tenant at will". Further, the contract under consideration provides that "the purchaser is to be given immediate possession of the property prior to the taking title thereto for the purpose of making repairs to the existing buildings thereon". (1 New York Law of Landlord and Tenant, § 155; *Burkhart* v. *Tucker*, 27 Misc. 724, 726.) [See *post*, p. 671.]