Frank E. Johnson, Off. Ref.
It is elementary that a motion for temporary alimony and counsel fee cannot be entertained if the affidavits do not make a prima facie showing that plaintiff has a “ prospect of success.” The financial question is not reached until that preliminary requirement is shown to have been met by such affidavit-proof thereof. Likewise no Official Referee can be directed to decide the financial question before that preliminary question has been answered.
It has always been the established practice for the Special Term Justice to answer the opinion-question of there being a showing of that “ prospect ” of success; not a certainty, or a preponderance, but only a “ prospect.” His opinion of the plaintiff’s prospects requires no trial of the matter set forth in support of that prospect, but is a mental process on his part after reading the relevant affidavits, corroboration, etc.
At the hearing defendant demanded that plaintiff give testimony to show she has a prospect of success; that was overruled and the proof on the financial questions was taken. Prior to the testimony defendant’s counsel was granted, by adjournment, ample time to inquire of that Justice what, as claimed, the hearing was intended to cover; at 2:00 p.m., the adjourned hour, the hearing proceeded, counsel giving no excuse for not calling upon the Justice. His claim that plaintiff must give oral evidence to prove her prospect of success continued throughout the hearing. There is no factual or legal ground for that claim.
If, in spite of uncorroborated allegations that sound like charges of cruelty, her corroborating affidavit by the hotel manager showed that defendant abandoned her when he left the room the parties were living in, and did not return, or support plaintiff, she has the necessary prospect of success under paragraphs 9 and 10 of the complaint, which duly allege groundless abandonment and nonsupport. There is probably a mixture of causes of action; that of cruelty, etc., not corroborated, would require denial of the motion. The other, which *861 needs no corroboration for the purposes of a “ temporary ” motion, has corroboration, so alimony and counsel fee must be granted. The charges of cruelty, etc. (if intended as a separate cause of action) seem beyond corroboration since they were, apparently, not in the presence of a witness. The trial will therefore be greatly limited. Alimony of $75 a week and $1,000 counsel fee are allowed. A payment of $300 is allowed for plaintiff’s impending confinement, with leave to apply if further expenses are to be incurred. The question of further counsel fee is respectfully referred to the trial court.
It seems desirable, since the question is here raised, to cite the decisions relating to the “ prospect” question.
The order of reference, in the usual form, states that because of the conflicting affidavits “ plaintiff’s motion for temporary alimony and counsel fee ” cannot be determined thereon so the motion was sent to the Official Eeferee to hear and determine. The order signed was proposed by defendant; a brief filed in support of it did not even hint that the “ prospect ” question was to be referred; the file shows no document, affidavit or brief challenging plaintiff’s “ prospect of success ” on the affidavits submitted.
The demand of defendant’s attorney that the order be construed to include plaintiff’s testimony on “ prospect of success ” seems to have no authority to support it; diligent search by our chief law assistant disclosed no such ruling.
The unbroken practice of not sending that question to a referee, but occasionally sending the controversial financial questions, when the papers satisfy the Special Term of that “ prospect,” has supporf in this department. In the Tee v. Tee Ka Chay (277 App. Div. 782), our Appellate Division unanimously disapproved of sending even that financial question to the referee, saying that a speedy trial, rather than a reference on temporary alimony was best. The court cited, and quoted from, the Bleiman decision, in the first department; in that case (Bleiman v. Bleiman, 272 App. Div. 760) the “ defendant complains that the dispute [as to temporary alimony] was not referred to a referee ’ ’, but the Appellate Division held that a speedy trial, rather than a reference, was the proper solution. In Yudell v. Yudell (282 App. Div. 649 [1st Dept.]) that court said that a reference on temporary alimony “should be avoided ”, and called attention to “ our earlier suggestion” in the Bleiman case. That court seems to still consider that temporary alimony should be fixed “ on the basis of motion papers ” (Barnes v. Barnes, 3 A D 2d 242, 243 [1st Dept.]; italics supplied).
*862 It seems obvious that in all these cases only the conflicting , financial claims on temporary alimony had been referred, and that the Special Term did not refer the “ prospect of success ” question. These rulings harmonize with the established practice in both departments which is for Special Term (if a reference on temporary alimony was ordered) to limit it to the financial questions. That established practice, of never referring the “ prospect ” question, goes back at least, to Colt v. Colt (261 App. Div. 787 [1st Dept.]); there the Special Term had referred the question “ whether the plaintiff possesses a reasonable probability of success in this action.” On appeal therefrom the order was reversed; the majority held “ that this procedure was improper ’ ’, and also said: “ A reference to determine this issue was improper.” The minority said: “ We concur in the view that the procedure adopted at Special Term was improper.” (The division in the court was upon another question.) Since that ruling (1941) the “prospect” question has not been raised again, and apparently the Special Terms of both departments always conform to that decision.
The “ prospect ” question has never been directly raised in this department, but if our department has frowned on even sending the financial questions, on a motion for temporary alimony, can it be imagined that the court would permit the “ prospect ” question to be referred?
The ruling made in the present hearing on that subject seems correct.