MICHAEL RODEVICK, Appellant, v EDMOND O'BRIEN et al., Respondents. — Appeal from an order granting appellant's motion for entry of judgment in his favor in the amount awarded by the trial court together with interest, insofar as said order directs the addition of interest only from November 8, 1955, the date of the commencement of the action, and from the judgment entered thereon. Order and judgment, insofar as appealed from, unanimously affirmed, with $10 costs and disbursements. The trial court awarded appellant a specified sum, in addition to amounts he had previously received, for the fair and reasonable value of work, labor, services and materials furnished by appellant to respondents in the construction of a house. The court granted credit to respondents on a counterclaim and offset and stated that the building was substantially completed in December, 1952 and that respondents, after service of a 10-day notice to proceed, procured the services of another contractor who corrected certain defects and completed the construction. It stated that "Whether the delay in construction was due to the [appellant] or whether it was caused by failure to make payments on the contract by the [respondents] is unsolved." The record on appeal contains neither the pleadings nor the minutes of the trial. The trial court was specific in ruling that it did not find that respondents breached their contract. The record does not indicate when respondents' subsequent contractor corrected the defects and completed the construction nor does it indicate the nature of said defects and the amount of construction necessary. Upon this record we cannot say that respondents breached their contract or that they were held liable on the theory that they had committed a breach. We may not overrule the determination that interest should be awarded only from the date of the commencement of the action (*Aronowsky* v. *Goldberger-Raabin Co.*, 250 App. Div. 731; *Leehoke Corp.* v. *Plastoid Corp.*, 193 Misc. 208, affd. 276 App. Div. 903; *Grattan* v. *Societa Cantoni*, 2 Misc 2d 861, 874; see, e.g., *Excelsior Terra Cotta Co.* v. *Harde,* 181 N. Y. 11 [decided prior to amdt. of Civ. Prac. Act, § 480 by L. 1927, ch. 623]). Present — Nolan, P. J., Wenzel, Murphy, Ughetta and Hallinan, JJ.

LILLIAN W. ROSEN, Appellant, v. SAMUEL H. ROSEN, Respondent.— In an action by a wife for separation, an order was made granting her motion for temporary alimony and a counsel fee and referring the matter to an Official Referee to hear and report as to the amounts. The appeal is from so much of an order as denied the wife's motion to confirm the report of the Official Referee recommending $200 a week alimony and a $2,000 counsel fee, and as sets the case down for immediate trial. Order modified (1) by striking therefrom the first and second ordering paragraphs and by substituting in place of the first ordering paragraph a provision that the motions to confirm and disaffirm the report of the Official Referee be denied, and (2) by adding to said order provisions granting the motion for temporary alimony and a counsel fee to the extent of directing respondent (a) to pay to appellant $100 a week for the support and maintenance of appellant and the infant child of the parties, and (b) to pay to appellant a counsel fee of $1,000, payable $500 within five days after the entry of the order hereon and $500 when the case is placed on the calendar for trial. As so modified, order, insofar as appealed from, affirmed, without costs. This case, without further delay, should be brought to trial by the appellant, and if that is not accomplished the respondent may move for an order permitting him to discontinue the alimony (*Bleiman* v. *Bleiman,* 272 App. Div. 760; *Tee* v. *Chay,* 277 App. Div. 782; *Yudell* v. *Yudell,* 282 App. Div. 649; *Amos* v. *Amos,* 282 App. Div. 692.) Nolan, P. J., Murphy, Ughetta, Hallinan and Kleinfeld, JJ., concur.