■ STEPHEN J. LEVITZ, Appellant, v. ROBBINS MUSIC CORPORATION et al., Respondents.— Order entered on March 2, 1959, granting defendants' motion for summary judgment, unanimously reversed on the law, with $20 costs and disbursements to appellant, and the motion denied, with $10 costs. Summary judgment, dismissing the amended complaint, was granted on the ground that the action was barred by the Statute of Frauds (Personal Property Law, § 31, subd. 1). We do not reach the question of the correctness of the determination as to the applicability of the Statute of Frauds to plaintiff's cause of action because, in our opinion, defendants were precluded from raising that issue by pretrial motion by virtue of a prior denial of summary judgment by this court in *Levitz* v. *Robbins Music Corp.* (6 A D 2d 1027). While it is true that the prior motion was addressed to the original complaint and the emphasis there was placed on the question of whether plaintiff had resigned or been discharged, the original answer did contain the defense of the Statute of Frauds. Even though the point of the applicability of the Statute of Frauds was not briefed in this court upon the prior appeal, our denial of summary judgment forecloses a subsequent motion based on that defense since it could have been urged at that time. Parties will not be permitted to make successive fragmentary attacks upon a cause of action but must assert all available grounds when moving for summary judgment. There can be no reservation of any issue to be used upon any subsequent motion for summary judgment. A court, upon a motion for summary judgment, must examine all of the facts presented by the affidavits, pleadings and documents and decide whether a triable issue is raised. Once having done so, a court may not on a subsequent motion consider matter which a party has withheld or failed to urge as a ground for granting summary judgment theretofore denied. The denial of the original motion for summary judgment established the law of the case and required the denial of the subsequent motion in the circumstances herein. Service of an amended complaint, pursuant to permission granted by this court, did not tender any new issue, insofar as the defense of the Statute of Frauds was concerned, so as to undermine the efficacy of the law of the case as to that defense. Concur — Botein, P. J., Breitel, Valente and Stevens, JJ.

■ ANNE ZOLINSKY, Also Known as ANNE ZOLIN, Respondent, v. MEYER ZOLINSKY, Also Known as MEYER ZOLIN, Appellant.— Motion for a stay dismissed, having become academic by virtue of the decision of this court decided simultaneously herewith (*anti*, p 158). Concur — Botein, P. J., McNally, Stevens, Eager and Steuer, JJ.