■ PINMOR REALTY CORP., Appellant, v BARIS HOTEL CORP., Doing Business as REGENT HOTEL, Respondent. — In an action, *inter alia,* to recover possession of real property, plaintiff appeals from an order of the Supreme Court, Nassau County (Burke, J.), dated February 20, 1981, which denied its motion for partial summary judgment and granted defendant's cross motion for leave to amend its answer. Order modified, on the law, by deleting the provision denying the motion for partial summary judgment and by substituting therefor a provision granting the motion. As so modified, order affirmed, with $50 costs and disbursements to plaintiff. The defendant entered into a contract to purchase certain real property from plaintiff, which contract provided that the defendant would lease such property and enter into possession of the same until the closing of title. The contract contained a provision requiring the defendant purchaser to pay, as a consideration for possession under the lease, all expenses of the property. The defendant refused to pay taxes and water and sewer charges and the plaintiff brought the present action alleging that, by the said provision contained in the contract, the purchaser covenanted, as lessee, to pay the taxes and charges in question. The plaintiff moved for partial summary judgment and the court denied the motion on the ground that the plaintiff had no cause of action against the defendant since it had not itself paid the taxes and charges. This was error. While ordinarily where a purchaser of real property is given the right to take possession thereof prior to conveyance of title the relationship of lessor and lessee is not created between the parties, the contract itself may, by express provision, create such relationship pending closing of title and conveyance thereunder *(Stevens v Nye,* 283 App Div 666). Under the circumstances of this matter, the clause in the contract directing the payment of expenses is construed to include taxes and water and sewer charges. A positive agreement to do an act which is designed to prevent damage to the plaintiff will sustain an action where the defendant neglects or refuses to do such act, and payment by this plaintiff, therefore, is not a condition precedent to maintaining an action upon defendant's covenant to pay the taxes and charges (see *Rector Church-Wardens & Vestrymen of Trinity Church in City of N.Y. v Higgins,* 48 NY 532). Gulotta, J.P., Cohalan, O'Connor and Bracken, JJ., concur.