■ GREENBRIAR-SOMERS CORP., Appellant-Respondent, v ANGELO PETRONE et al., Respondents-Appellants

In September 1982 the parties entered into a contract for the sale of real property located in the Town of Somers, with

the plaintiff as seller and the defendants as purchasers. Although the closing did not occur as scheduled, the defendants moved into the property on December 17, 1982, and resided there until the closing occurred on July 7, 1983. Thereafter, the plaintiff commenced this action to recover the reasonable value of the defendants' use and occupancy of the property prior to the date of closing.

Absent an agreement to create a landlord-tenant relationship, a vendor of property cannot recover an award for a contract vendee's use and occupancy of the property (see, Barbarita v Shilling, 111 AD2d 200; Pinmor Realty Corp. v Baris Hotel Corp., 83 AD2d 847; 1 Rasch, New York Landlord and Tenant—Summary Proceedings § 64 [2d ed]). In this case, contrary to the defendants' contentions, there was ample evidence from which the jury could find that the parties agreed to create a landlord-tenant relationship until the defendants took title to the property at the closing. For instance, the parties exchanged proposed modifications to the contract of sale and proposed leases which, although they differed in some of the collateral terms, acknowledged the creation of a landlord-tenant relationship and referred to the defendants' status as tenants, not as purchasers in possession. At the trial, the defendants admitted that when they took possession of the property, they were prepared to pay as rent, pursuant to the proposed lease agreements, the plaintiff's expenses, including interest on the balance of the purchase price, taxes, insurance and utilities.

However, the conclusion that the defendants were obligated to pay the plaintiff's expenses as rent for only a portion of the period that they resided in the premises prior to the date of closing is not supported by the evidence. The tenancy was not terminated by the delay in closing which, we note, was caused primarily by the defendants' refusal, after taking possession, to either sign a lease or a stipulation permitting the plaintiff to seek recovery for the reasonable value of their use and occupancy of the premises after the closing. Accordingly, the plaintiff is entitled to a judgment for the expenses incurred by it from December 17, 1982 through July 7, 1983, the period that the defendants resided in the premises prior to the date of closing.

The defendants' counterclaim, which was dismissed prior to the trial, need not be reinstated. It is apparent from the record that whatever misrepresentation the plaintiff may have made when the contract of sale was signed regarding its title to the property did not contribute to the delay in closing.

We have reviewed the parties' remaining contentions and find them to be without merit. Mangano, J. P., Niehoff, Kooper and Spatt, JJ., concur.