■ YETIVE C. HASKIN, Respondent, v HENRY MENDLER, Appellant.—Order and judgment (one paper), Supreme Court, New York County (Myriam Altman, J.), entered on or about September 6, 1991, which, *inter alia,* denied defendant's motion for partial summary judgment as to liability on the first, second and fourth counterclaims, granted plaintiff's cross-motion for summary judgment on the complaint and dismissed defendant's counterclaims, and which awarded plaintiff attorney's fees to be determined, unanimously modified, on the law, to grant the defendant's motion for partial summary judgment to the extent of granting defendant summary judgment on the first counterclaim in respect to attorney's fees and to deny plaintiff's cross-motion to dismiss said counterclaim, and to direct that the plaintiff's entitlement to attorney's fees in the action *Mendler v Mendler* previously before this Court be set off by any award to the defendant of attorney's fees in the instant action, and to amend the sixth decretal paragraph so as to direct the Referee to hear and report on the amount of attorney's fees and costs incurred by the plaintiff and defendant to the extent that each prevailed, and otherwise unanimously affirmed, without costs.

By a stipulation of settlement acknowledged in, but not incorporated or merged into, a 1988 final judgment of divorce, the defendant husband was obliged to convey to the plaintiff wife all right and title in the marital residence by bargain and sale deed with covenant "duly executed and acknowledged and recorded at [husband's] expense". The husband conveyed his interest to the wife, but refused to pay any of the State or city real estate transfer taxes. The wife moved within the underlying divorce action for an order compelling the payment of the taxes as a matter of specific performance of the stipulation, and this Court dismissed the proceeding, directing that the wife instead bring a separate, plenary action to enforce the stipulation *(Mendler v Mendler,* 158 AD2d 276). Pursuant thereto, the wife brought the instant plenary action, in which the IAS court has ordered the husband to pay the real estate transfer taxes.

While the plain meaning of the express language of a matrimonial contract generally controls its construction *(see,*

*Cunningham v Cunningham,* 169 AD2d 451), such a contract should not give one party an unfair or unreasonable advantage over the other *(see, Rush v Rush,* 19 AD2d 846), and necessarily includes elements of good faith and fair dealing *(see, Kromberg v Kromberg,* 56 AD2d 910, 913-914, *affd* 44 NY2d 718). Generally, no contract should be given a construction that would leave one party at the mercy of the other *(Lowy & Donnath v City of New York,* 98 AD2d 42, 45, *affd* 62 NY2d 746). Here, as a matter of fairness, the husband should be required to pay the real estate transfer taxes as part of the expenses of recording the deed *(see, Pinmor Realty Corp. v Baris Hotel Corp.,* 83 AD2d 847). Since the deed could not be recorded without the payment of the real estate transfer taxes, a construction of "expenses" that excluded the transfer taxes would allow the husband to defeat the transfer by withholding payment of the taxes, rendering meaningless the express requirement that he convey right and title, paying all expenses of recording the deed.

By the same token, however, the parties are bound by the plain language of the default provision in the stipulation, which provides for attorney's fees when a lawsuit or proceeding results in a determination "in favor of the party claiming indemnity" for attorney's fees under this clause. Here, the prior proceeding ended in favor of the husband when this Court rendered the above-cited memorandum decision. It does not matter that leave was granted to start the instant plenary action. It remains unavoidable that the prior proceeding, under a different index number and different set of pleadings, in a different IAS part, ended in the husband's favor.

The wife having prevailed in the instant action for the most part, was properly awarded attorney's fees. The husband should, however, have a set off of attorney's fees to the extent that he prevailed on his first counterclaim.

It has been held an attorney's fee issue should not be finally determined by a Referee *(see, Yudell v Yudell,* 282 App Div 649), and it should be the IAS court, and not the Special Referee, that finally determines the attorney's fee issue. Nevertheless, despite the use of the word "determined" in the fifth decretal paragraph, it is made clear in the eighth decretal paragraph that the Referee is only to "report to [the I.A.S.] court" on the attorney's fee claims, and not to determine them finally.

We have reviewed the husband's other arguments, and find them to be without merit. Concur—Sullivan, J. P., Carro, Wallach, Kassal and Rubin, JJ.