◼◼ GERALD S. LIPPES et al., Appellants, v ROBERT J. BRADLEY et al., Respondents. [612 NYS2d 719] —Order unanimously affirmed without costs. Memorandum: Supreme Court properly granted the motion of defendants for partial summary judgment because defendants were ready, willing and able to convey good and marketable title, free and clear of encumbrances or material defects, to the property described in the contract of sale (see, Cerf v Diener, 210 NY 156; cf., Empire Career Ctr. v Town of Schuyler, 203 AD2d 906 [decided herewith]). The fact that a portion of the deck and the brick patio extended into a common area owned by the Rivermist Condominium Association does not constitute an encroachment upon the property of defendants that renders title unmarketable (see generally, DeJong v Mandelbaum, 122 AD2d 772, 773-774).

The argument advanced by plaintiffs, for the first time on

appeal, that they are entitled to summary judgment on the ground that there was a material mutual mistake is not properly before us *(see, Ciesinski v Town of Aurora,* 202 AD2d 984; *Charlotte Lake Riv. Assocs. v American Ins. Co.,* 68 AD2d 151, 154-155). It is well settled that "[a]n appellate court should not, and will not, consider different theories or new questions, if proof might have been offered to refute or overcome them had those theories or questions been presented in the court of first instance" *(Fresh Pond Rd. Assocs. v Estate of Schacht,* 120 AD2d 561; *see also, Douglas Elliman-Gibbons & Ives v Kellerman,* 172 AD2d 307, 308, *lv denied* 78 NY2d 856). (Appeal from Order of Supreme Court, Erie County, Doyle, Jr., J.—Summary Judgment.) Present—Pine, J. P., Balio, Lawton, Davis and Boehm, JJ.