■ MINDY LEWIS, Individually and on Behalf of All Others Similarly Situated, Appellant, v HERTZ CORPORATION, Respondent. [624 NYS2d 800] —Order, Supreme Court, New York

County (William Davis, J.), entered February 7, 1994, which denied plaintiff's motion to define the class to be represented by her, and granted defendant's cross motion for summary judgment dismissing the third and tenth causes of action and for decertification of the plaintiff class, unanimously affirmed, without costs.

The representative plaintiff's allegations that defendant practiced some form of bad faith or unfair dealing in the performance of the parties' contract were not addressed in the prior order of this Court sustaining plaintiff's third and tenth causes of action on motions for summary judgment (181 AD2d 493, *lv dismissed* 80 NY2d 893). We now conclude that the representative plaintiff has failed to adduce any proof of having suffered the injuries she alleges on behalf of the class, and thus is " 'simply not eligible to represent a class of persons who did allegedly suffer injury' " *(General Tel. Co. v Falcon,* 457 US 147, 156), if there be such person. Since this Court's prior approval of a class action was based on the assumption that the representative plaintiff shared some of the causes of action of the putative class, albeit not necessarily all *(see, Weinberg v Hertz Corp.,* 116 AD2d 1, 6-7, *affd* 69 NY2d 979), and since the current representative plaintiff shares none, decertification was proper.

We have considered plaintiff's remaining arguments and find them to be without merit. Concur—Murphy, P. J., Ellerin, Kupferman, Williams and Tom, JJ.