■ SHERRY JACOBSEN, Respondent, v MICHAEL B. WEISS, Appellant. [689 NYS2d 75] —Order, Supreme Court, New York County (Joan Lobis, J.), entered November 14, 1997, which, *inter alia*, denied defendant's motion to enforce that part of the stipulation of settlement executed by the parties on April 14, 1994 and later incorporated but not merged in the parties' judgment of divorce (David Saxe, J.), entered June 7, 1994, which required plaintiff to pay defendant the "net proceeds of sale" of the so-called Woodstock and St. Maarten properties as defined in said agreement, unanimously reversed, to the extent appealed from, on the law, without costs, and the motion granted to the extent of remanding the matter for an evidentiary hearing to determine the proper amount of the "net proceeds of sale" of both properties, which amounts are to be calculated in accordance with this decision.

It is undisputed that, in calculating the amount of capital gains taxes to be paid on the sale of the Woodstock property, plaintiff has refused or neglected to take advantage of certain allegedly available deductions for capital improvements to the property, which, pursuant to Federal income tax law, would add to the "basis of the property", thereby reducing or eliminating any capital gains tax otherwise due on the transaction. With regard to the sale of the St. Maarten property, plaintiff has already filed an amended return, taking deductions for capital improvements to that property and resulting in a $14,000 tax refund, which according to the stipulation is payable to defendant.

In accepting plaintiff's argument that defendant is attempting to rewrite the stipulation and that the stipulation does not require her to claim any capital expenditures to reduce the capital gains tax due on the Woodstock transaction, the IAS Court, while sympathetic to defendant's plight, felt that it did not have the authority to rewrite "the unambiguous terms of the stipulation which provides that plaintiff is entitled to deduct from the net proceeds of the sale the capital gains taxes she actually paid." However, the actual language of paragraph 3G (vi) of the stipulation, permitting a deduction of "the wife's personal capital gains tax realized on the sale of the Property" is far from clear and unambiguous. Indeed, a clear and unambiguous provision supporting plaintiff's interpretation of her rights would have stated that, in her unfettered discretion, she could pay any amount of tax she thought feasible and the actual tax paid by her would be deductible from the net proceeds payable to defendant.

On the contrary, the parties' intent that any capital improvements would be claimed is evidenced by the provision in paragraph 3G (vi), which anticipates the possibility that a taxing authority might disallow any claimed capital improvements, in which event defendant would have to pay plaintiff any additional amount of taxes plus any interest and penalties due.

"While the plain meaning of the express language of a matrimonial contract generally controls its construction * * * such a contract should not give one party an unfair or unreasonable advantage over the other * * * and necessarily includes elements of good faith and fair dealing * * * Generally, no contract should be given a construction that would leave one party at the mercy of the other" (*Haskin v Mendler*, 184 AD2d 372, 372-373 [citations omitted]).

As observed by Learned Hand 65 years ago: "Any one may so arrange his affairs that his taxes shall be as low as possible; he is not bound to choose that pattern which will best pay the Treasury; there is not even a patriotic duty to increase one's taxes." (*Helvering v Gregory*, 69 F2d 809, 810, *affd* 293 US 465.) Thus, while plaintiff apparently would rather pay Uncle Sam than her former husband, as a matter of fairness, defendant is entitled to the benefit of all proper deductions available in computing the capital gains tax due on the sale of the Woodstock property whether or not plaintiff wishes to avail herself of such benefits by filing an amended income tax return. Concur—Nardelli, J. P., Williams, Wallach and Andrias, JJ.