■ THOMAS P. LAWRENCE, Respondent, v JOHN M. MOUNTAIN, Appellant. [698 NYS2d 813] —Order unanimously affirmed without costs. Memorandum: County Court properly directed specific performance of the parties' contract of sale. Plaintiff established at trial that he was ready, willing and able to convey good and marketable title, free and clear of encumbrances or material defects, to the subject premises, and there is no indication that the contract is inequitable or that a change in circumstances rendered specific enforcement of the contract unjust (*see generally,* 12 Warren's Weed, New York Real Property, Specific Performance, §§ 7.02, 7.03 [4th ed]). Contrary to defendant's contention, the court was entitled to accept a survey of the property, which demonstrated that there are no encroachments upon the highway right-of-way or upon the adjoining property that render title unmarketable, even though that survey was performed after the scheduled closing date (*see, Lippes v Bradley,* 203 AD2d 959). Although we agree with defendant that plaintiff must perform all material parts of a contract before a court may grant specific performance, we reject his contention that exact performance is required. "Common justice forbids the other party from refusing to comply with the contractual provisions because of a technicality which may be obviated without prejudice to any substantial interest" (12 Warren's Weed, *op. cit.,* § 4.02, at 96). Defendant's interest in performing the title search was not prejudiced by plaintiff's timely delivery of a copy of the abstract and by plaintiff's promise to provide a duplicate original at closing should the original abstract be unobtainable. We also reject defendant's contention that plaintiff was required to declare time of the essence in order to obtain specific performance. "Where time is not of the essence, the failure to perform on the law day will bar an action at law for damages. Either party may, however, sue for specific performance of the contract with an offer of tender of performance implied in the complaint" (*id.,* § 6.03 [1], at 148). (Appeal from Order of Allegany County Court, Griffith, J.—Contract.) Present—Lawton, J. P., Hayes, Pigott, Jr., Hurlbutt and Balio, JJ.