■ In the Matter of the Dissolution of HIRSCHFELD, STERN, MOYER & ROSS, INC. HENRY S. MOYER, Respondent; ARNOLD S. ROSS, Appellant. [730 NYS2d 225] —Order, Supreme Court, New York County (Barry Cozier, J.), entered October 26, 2000, which granted petitioner's motion for confirmation of the report of an independent liquidating agent, and order, same court and Justice, entered December 13, 2000, which granted petitioner's motion to confirm the report of the special referee, voided transfers with related relief pursuant to the Business Corporation Law, dissolved the parties' nine corporations, directed that profits for years 1997 and 1998 and for the period January 1 to October 31, 1999 be shared equally between petitioner and respondent Arnold Ross, directed that respondent Ross pay $2,003,340 to the independent liquidating agent, denied respondent Ross's motion for rejection of the special referee's report and for voidance of transfers by petitioner and Business Corporation Law relief, enjoined respondent Ross from exercising corporate power or collecting any debt or transferring property from the corporations, directed that respondent Ross refund $75,000 in corporate funds paid to a certain law firm, and granted other related relief, unanimously affirmed, with costs.

After full consideration of respondent Ross's contentions in opposition to the motion to confirm the referee's report, we find that the report was properly confirmed, since it was amply supported by the record (*see, Stark v Reliance Natl. Indem. Co.*, 273 AD2d 148). We decline to find the language of the 1996 agreement ambiguous on the basis of the interpretation urged by respondent that would strain the contract language beyond its reasonable and ordinary meaning (*see, Consolidated*

*Edison Co. v United Coastal Ins. Co.*, 216 AD2d 137, *lv denied* 87 NY2d 808). Since the agreement is in plain and unambiguous language, there is no need to resort to consideration of the subsequent course of dealings of the parties (*see, Gottlieb v 180 Hartsdale Assocs.*, 119 AD2d 542, 544), which, in any event, would not warrant rejection of the referee's findings. Since respondent Ross's arguments urging reformation on the ground of mistake are made for the first time on appeal, we decline to consider either mutual mistake (*see, Lippes v Bradley*, 203 AD2d 959) or unilateral mistake (*see, Emblem v Juras*, 112 AD2d 134, 135). In any event, were we to consider them, we would find them meritless. We have considered respondent-appellant's remaining arguments and find them unavailing. Concur—Rosenberger, J. P., Williams, Tom, Andrias and Marlow, JJ.