■ VARSITY TRANSIT, INC., Respondent, v BOARD OF EDUCATION OF THE CITY OF NEW YORK, Appellant. [752 NYS2d 603] —Order, Supreme Court, New York County (Joan Madden, J.), entered December 21, 2001, which, inter alia, denied defendant's motion for summary judgment dismissing plaintiff's complaint, unanimously modified, on the law, the motion granted to the extent of dismissing the fifth cause of action insofar as plaintiff in that cause seeks to recover costs of a five-year re-audit as an allowable expense for the 1988-1989 school year, and otherwise affirmed, without costs.

Plaintiff operates school buses. Its 1979 contract with the Board of Education has been extended regularly by the Board pursuant to statutory authority. A 1992 change in the Board's methods of calculating increases in payment led to suits by plaintiff and 47 other school bus operators. Plaintiff, in its suit, the present action, alleged five causes of action. The first four opposed the change in the method employed to calculate payment increases. The fifth focused on a 1991 award for the school year 1988-1989.

As part of a consolidated motion sequence involving several summary judgment demands, defendant, in 1995, cross-moved for summary judgment dismissing all causes of action in all complaints. Although the fifth cause of action in plaintiff's complaint was briefly addressed in that motion sequence, the principal focus was on the issue of whether defendant, in applying Education Law § 305 (14) (a), properly granted an increase in payment calculated not on the rise in the consumer price index in the year preceding the expiration of the contract (the base minus one method), but on the increase in the index during the first year of the contract extension period (the base plus one method).

The motion court, in 1997, denied the defendant's cross motion for summary judgment but found use of the base minus one method to be consistent with Education Law § 305 (14) (a). On the ensuing appeal, this Court, in 1998, originally upheld the use of base minus one and dismissed all of the complaints in their entirety. However, in an unopposed reargument motion, plaintiff sought reinstatement of its fifth cause of action, which relief we granted in *A.C. Transportation v Board of Educ.* (253 AD2d 330, 340, *lv denied* 93 NY2d 808), wherein, inter

alia, we held that Education Law § 305 (14) (a) unambiguously required the base minus one method, and ruled out the use of estoppel theories against defendant and a state codefendant.

After the completion of discovery, defendant made the instant motion for summary judgment dismissing the fifth, and sole remaining, cause of action in plaintiff's complaint. The motion court, in the order here appealed, denied defendant's motion on the ground that it was barred by the rule against " 'successive fragmentary attacks upon a cause of action,' " and barring " 'reservation of any issue to be used upon any subsequent motion for summary judgment' " (*Phoenix Four v Albertini*, 245 AD2d 166, 167, quoting *Levitz v Robbins Music Corp.*, 17 AD2d 801). We conclude, however, that the motion should have been considered and granted as to one aspect of the fifth cause of action.

Exceptions are permitted to the rule against successive summary judgment motions not only when evidence has been newly discovered since the prior motion (a circumstance concededly not obtaining here), but also when "other sufficient cause" for the subsequent motion exists (*see Freeze Right Refrig. & A.C. Servs. v City of New York*, 101 AD2d 175, 180). Here, sufficient cause to except to the rule exists inasmuch as the record, clarified in the wake of *A.C. Transportation* (*supra*), demonstrates that the matter can be further disposed of without burdening the resources of the court and movants with a plenary trial (*see Detko v McDonald's Rests.*, 198 AD2d 208, 209; *see also Mount Vernon Fire Ins. Co. v Timm*, 237 AD2d 586, 587, *lv denied* 90 NY2d 806). If a dispositive point can be reached, it should be (*see e.g. Lewis v Hertz Corp.*, 212 AD2d 476, 477, *lv denied* 85 NY2d 810).

Under the subject agreements, plaintiff is barred from billing for costs that are not "ordinary and reasonable." Defendant contends that this provision bars plaintiff from billing for the costs of a five-year re-audit, which was required because the original audit for that period was conducted in conceded violation of statutory and contractual provisions requiring cost justification statements to be certified by an independent accountant. We find the contractual provision limiting plaintiff's billings to "ordinary and reasonable" costs to be unambiguous as a matter of law (*see PNC Capital Recovery v Mechanical Parking Sys.*, 283 AD2d 268, 270, *lv dismissed* 96 NY2d 937), and that plaintiff, by proposing that the provision be extended to encompass its extraordinary one-time expenditure, would strain the contract language to encompass that which it clearly excludes (*see e.g. Matter of Hirschfeld, Stern, Moyer & Ross,*

286 AD2d 611). Because the contract is unambiguous with respect to the issue of whether the cost of the re-audit may be billed by plaintiff, plaintiff may not ask that the court resort to evidence of a subsequent course of dealing (*see id.* at 611), and, in any event, plaintiff's course-of-dealing evidence does not raise a question of fact as to whether the five-year re-audit was "ordinary." Nor do plaintiff's estoppel theories present any triable issue of fact.

As for the remaining costs disputed in the fifth cause of action, defendant concedes that the only issue is whether or not they are properly documented. This question was not brought into sharper focus by the resolution of the base minus one question in *A.C. Transportation* (*supra*) and is no simpler now than it was in 1995 when the Board evidently chose not to raise it in its cross motion. Under the circumstances, then, no "sufficient cause" exists to justify defendant Board's successive request for summary adjudication of the remaining portions of plaintiff's fifth cause of action. In any case, factual issues, requiring exploration, preclude summary judgment. Defendant's contractual right to discretion in determining which of plaintiff's claimed costs will be allowed is not so unfettered as to leave plaintiff entirely at defendant's mercy (*see e.g. Jacobsen v Weiss*, 260 AD2d 308, 309). Concur—Nardelli, J.P., Rosenberger, Friedman and Marlow, JJ.