OPINION OF THE COURT
Kevin J. Kerrigan, J.
It is ordered that the motion is decided as follows:
That branch of the motion by plaintiff for partial summary judgment on the issue of serious injury in that plaintiff suffered a fracture which is a category of serious injury under section 5102 (d) of the Insurance Law is granted. That branch of the motion for “the reservation of rights to introduce several different theories regarding serious injury at trial” is denied as moot.
Plaintiff, a pedestrian, allegedly sustained personal injuries as a result of being struck by a dump truck owned by the City and operated by Moore, a city employee, on 99th Avenue near the intersection of 216th Street in Queens County on June 17, 2009. Plaintiff moves for summary judgment on the issue of serious injury, contending that the evidence presented establishes that he sustained a fracture as a result of the accident and, therefore, that he has sustained a serious injury, pursuant to section 5102 (d) of the Insurance Law, as a matter of law. Plaintiff has established his prima facie entitlement to summary judgment on the issue of serious injury by proffering a certified hospital radiology report, certified on November 24, 2009, of X rays taken on June 17 and July 25, 2009 which found that plaintiff had a nondisplaced fracture of the superior pubic ramus on the left side, and an affirmation of a physician, Dr. Lauren StimlerLevy, dated September 8, 2011, in which said physician stated that she reviewed the radiological studies confirming the fracture, and concluded that it was causally related to the accident. The City raises no issue of fact in opposition and does not dispute that plaintiff sustained a fracture as a result of the accident.
The City opposes the motion solely upon the ground that it is violative of the rule against making successive motions for summary judgment. Plaintiff had previously moved for summary judgment on the issue of liability. That motion was denied, pursuant to the order of this court issued on October 4, 2010, upon the ground that the record thereon raised an issue of fact as to whether plaintiff was comparatively negligent for the occurrence of the accident.
It is well settled in this Department that it is improper to make successive motions for summary judgment based upon *960 facts or arguments which could have been submitted on the original motion (see Kornblum v Blank Rome Tenzer Greenblatt, LLP, 39 AD3d 482 [2d Dept 2007]; Williams v City of White Plains, 6 AD3d 609 [2d Dept 2004]; Capuano v Platzner Intl. Group, 5 AD3d 620, 621 [2d Dept 2004]; Klein v Auerbach, 1 AD3d 317 [2d Dept 2003]). However, this court agrees with plaintiffs counsel that the instant motion does not violate the rule-against successive summary judgment motions because-it seeks summary judgment only as to the issue of serious injury threshold and not liability as the previous motion sought.
The rule or policy disfavoring successive summary judgment motions was first articulated in the case of Levitz v Robbins Music Corp. (17 AD2d 801 [1st Dept 1962]). The defendant in that case moved for summary judgment dismissing the plaintiffs cause of action which alleged breach of an employment contract for wrongful discharge upon the ground that the plaintiff voluntarily resigned and was not discharged. The Appellate Division, First Department, reversing the trial court, denied the motion for summary judgment (6 AD2d 1027 [1958]). The defendant thereafter moved again for summary judgment dismissing the plaintiffs cause of action, this time upon the ground that it was barred by the statute of frauds. The Appellate Division, First Department, again reversing the trial court, denied the motion, holding that its previous denial of summary judgment foreclosed a subsequent motion based upon the affirmative defense of statute of frauds. It held, in relevant portion:
“Parties will not be permitted to make successive fragmentary attacks upon a cause of action but must assert all available grounds when moving for summary judgment. There can be no reservation of any issue to be used upon any subsequent motion for summary judgment. A court, upon a motion for summary judgment, must examine all of the facts presented by the affidavits, pleadings and documents and decide whether a triable issue is raised. Once having done so, a court may not on a subsequent motion consider matter which a party has withheld or failed to urge as a ground for granting summary judgment theretofore denied.” (17 AD2d at 801.)
Thus, the rule does not bar all successive motions, but only those which seek, as it were, a second bite at the apple, where a defendant seeking dismissal of a plaintiffs cause of action or a plaintiff seeking summary judgment on the issue of liability, moves for summary judgment anew for dismissal or for judg *961 ment on liability based upon a different ground or different facts from those presented in the first unsuccessful motion. In our case, plaintiff is not moving again for summary judgment on the issue of liability but is seeking different relief, summary judgment on a different aspect of the case — the issue of serious injury threshold, which is part of the damages inquiry.
Indeed, it has been held that the issue of serious injury threshold is an entirely different inquiry from the issue of liability and, thus, must be determined separately. A plaintiffs motion for summary judgment on liability, if it does not also raise the issue of serious injury, only concerns the issue of the defendant’s fault and does not relate to the issue of whether plaintiff sustained a serious injury within the meaning of the Insurance Law, “which is a threshold matter separate from the issue of fault” and which must, therefore, be determined separately (see Reid v Brown, 308 AD2d 331, 332 [1st Dept 2003]). The Appellate Division, Second Department, has likewise held that “serious injury is quintessentially an issue of damages, not liability” (Van Nostrand v Froehlich, 44 AD3d 54, 62 [2d Dept 2007]). Similarly, in Zecca v Riccardelli (293 AD2d 31 [2d Dept 2002]), the Second Department held that a motion by a plaintiff for summary judgment on the issue of liability, even if granted upon the failure of the defendant to appear and oppose the motion, does not dispose of the plaintiffs burden to establish serious injury threshold at the damages phase of the trial.
Since the issue of serious injury was not germane to the issue of liability, plaintiff need not have raised it in his first motion for summary judgment on the issue of liability. And since the issue of serious injury remained plaintiffs burden to prove at the trial on damages, plaintiff was entitled to seek summary determination of that issue in a separate motion. Consequently, the instant motion does not run afoul of the policy considerations underlying the rule against making successive motions.
Even if the instant motion were to be interpreted as falling within the rule, two exceptions to the general rule have been recognized allowing successive motions: where new evidence has been discovered after the making of the prior motion, and where other sufficient cause has been shown (see Varsity Tr. v Board of Educ. of City of N.Y., 300 AD2d 38 [1st Dept 2002]). The first exception does not apply, since no new evidence has been discovered since the making of the initial motion that would have prevented plaintiff from moving for the instant relief at that time. Both the complaint and plaintiffs bill of *962 particulars allege as damages, inter alia, that plaintiff suffered a fracture of the superior pubic ramus and the evidence thereof was available to plaintiff since 2009. However, the court finds that if the rule is applicable herein, there is sufficient cause for an exception, inasmuch as the record herein shows that the issue of serious injury can be disposed of summarily without the expenditure of the court’s and the parties’ time and resources at trial in the event defendants do not concede the issue of serious injury. Even though summary determination of the issue of serious injury still does not dispense with plaintiffs burden of presenting his case on damages at trial, inasmuch as proof of damages is necessary to establish a measure of pain and suffering so as to support a jury award, it does streamline the trial to the extent that serious injury threshold will have been established, and the issue will not have to be submitted to the jury in the form of a special verdict sheet question. “If a dispositive point can be reached, it should be” (Varsity Tr. v Board of Educ. of City of N.Y., 300 AD2d 38, 39 [2002]).
Accordingly, summary judgment is granted to plaintiff on the issue of serious injury. However, that branch of the motion for “the reservation of rights to introduce several different theories regarding serious injury at trial” is denied as moot. A finding of serious injury under any one of the nine categories of serious injury listed in section 5102 (d) of the Insurance Law eliminates the issue of no-fault threshold, thus allowing plaintiff to recover damages for all injuries causally related to the accident (see Bonner v Hill, 302 AD2d 544 [2d Dept 2003]). Since plaintiff has demonstrated by unrebutted proof in admissible form that he sustained a fracture as a result of the accident, he has established a prima facie entitlement to summary judgment on the issue of serious injury, thereby eliminating the issue from the case. Therefore, if he sustained any other injuries or limitations proximately caused by Moore’s negligence, to the extent that any fault is assessed against the latter at the trial on liability, plaintiff will be entitled to recover damages for the same without regard to whether they meet the serious injury threshold. In any event, even if plaintiff had failed to establish that he sustained a fracture and the issue of serious injury remained in the case as his burden to establish at the trial on damages, he does not need leave of the court to submit evidence at trial to establish serious injury threshold.