■ MARIE HOLDINGS, INC., Respondent, v BICLYN CORP. et al., Appellants, et al., Defendants. [26 NYS3d 462]—

Order, Supreme Court, New York County (Doris Ling-Cohan, J.), entered October 9, 2014, which granted plaintiff's motion for summary judgment, unanimously affirmed, without costs. Appeal from order, same court and Justice, entered June 25, 2015, referring the matter to a referee to compute the amount owed plaintiff, unanimously dismissed, without costs, as abandoned.

Given the lack of full documentation at the time of plaintiff's first summary judgment motion, which was made pre-discovery, it was not error for the IAS court to consider a second summary judgment motion on a full record after discovery (*see Varsity Tr. v Board of Educ. of City of N.Y.*, 300 AD2d 38, 39 [1st Dept 2002]). With regard to the merits, defendants' attempts to alter the terms of the parties' written agreements were properly rejected under application of the parol evidence rule (*see Schron v Troutman Sanders LLP*, 20 NY3d 430, 436 [2013]). There was no issue of fact as to plaintiff's disbursement of the remainder of the loan proceeds, where defendants undisputedly failed to comply with the requirements of advances under the building loan agreement (*Rhinebeck Assoc. v Marine Midland Bank*, 235 AD2d 308, 308 [1st Dept 1997], *lv denied* 89 NY2d 817 [1997]). Nor did the separate restrictions on advances of the Holdback Agreement render the restrictions in the building loan agreement a nullity (*see Ruttenberg v Davidge Data Sys. Corp.*, 215 AD2d 191, 196 [1st Dept 1995]). Finally, the loan was not usurious, in light of the fact that, once the "points" (broker's and lender's fees) paid to plaintiff were reduced by the broker's share of those points, the effective rate of interest was under 25%. Concur—Friedman, J.P., Acosta, Renwick, Richter, JJ.