Holdings v Biclyn Corp. (2022 NY Slip Op 05794)

Holdings v Biclyn Corp.

2022 NY Slip Op 05794

Decided on October 18, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 18, 2022

Before: Acosta, P.J., Renwick, Webber, Singh, Moulton, JJ. 

Index No. 810052/11 Appeal No. 16486 Case No. 2021-03440 

[*1]Marie Holdings, Plaintiff-Respondent,
v
Biclyn Corp. et al., Defendants-Appellants, Environmental Control Board, Defendant.

The Law Offices of Christopher Thompson, West Islip (Shannon Cody McKinley of counsel), for appellants.
Devitt Spellman Barrett, LLP, Smithtown (Scott J. Kreppein of counsel), for respondent.

Order, Supreme Court, New York County (Francis A. Kahn, III, J.), entered on or about July 23, 2021, which denied defendants' motion to renew and motion to confirm in part and reject in part the Special Referee's report, and granted plaintiff's motion to confirm in part and reject in part the Special Referee's report, unanimously affirmed, with costs.
The court properly denied defendants' motion to renew, as defendants offered no new evidence that "could not with due diligence have been presented on the original motion" (204 Columbia Hgts., LLC v Manheim, 148 AD3d 59, 71 [1st Dept 2017] [internal quotation marks omitted], lv dismissed 29 NY3d 1119 [2017]). Defendants seek to vacate an April 15, 2016 judgment of foreclosure and sale, from which they never appealed, or even objected to the Referee's report or the entry of judgment, based on purported new evidence that the broker in the loan transaction was unlicensed and engaged in a "lend to own" conspiracy with plaintiff and plaintiff's principal. Defendants' primary argument is that this new evidence renders the loan usurious, even though this Court has already rejected that argument (see Marie Holdings, Inc. v Biclyn Corp., 137 AD3d 494 [1st Dept 2016]). Even considering the Special Referee's factual narrative, the purported "undisclosed" relationship between the broker and plaintiff was known to defendants in 2009, which they failed to timely assert, and there was no evidence of any "lend to own" scheme between plaintiff and the broker against defendants. Nor was the loan usurious, even if the broker's fee were included in the calculation of interest (see General Obligations Law §§ 5-501; 5-521; Penal Law § 190.40).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 18, 2022