Priester v Phanor (2024 NY Slip Op 03554)

Priester v Phanor

2024 NY Slip Op 03554

Decided on June 27, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: June 27, 2024

Before: Webber, J.P., Gesmer, Kennedy, Rosado, O'Neill Levy, JJ. 

Index No. 20580/20E Appeal No. 2560 Case No. 2023-05345 

[*1]Ernest Priester, Plaintiff-Respondent,
v
Duadet Phanor et al., Defendants-Respondents, Ramone Harrison et al., Defendants-Appellants, American Transit Insurance Company, Defendant.

Law Offices of Jennifer S. Adams, Williamsville (Michael K. Gertzer of counsel), for appellants.
Marjorie E. Bornes, Freeport, for Daudet Phanor and Gheorghe D. Baican, respondents.

Order, Supreme Court, Bronx County (Ben R. Barbato, J.), entered June 13, 2023, which denied the motion of defendants-appellants Ramone Harrison and Davia A. Anderson (collectively appellants) for summary judgment on the issue of liability, unanimously reversed, on the law, without costs, the motion granted, and the complaint dismissed. The Clerk is directed to enter judgment dismissing the complaint.
Plaintiff commenced this action for serious injuries he allegedly sustained when he was a passenger in a motor vehicle thatwas struck by appellants' vehicle. Appellants thereafter moved for summary judgment dismissing the complaint against them on the ground that plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d). While that motion was pending, appellants brought a second summary judgment motion seeking dismissal of the complaint on the ground that they were not liable for the accident.
Appellants are entitled to summary judgment on the ground that they are not liable for the subject accident.[FN1]
As noted by Supreme Court, it is axiomatic that successive summary judgment motions are disfavored. Parties may not make "successive fragmentary attacks upon a cause of action but must assert all available grounds when moving for summary judgment" (Levitz v Robbins Music Corp., 17 AD2d 801, 801 [1st Dept 1962]; see Jones v 636 Holding Corp., 73 AD3d 409, 409 [1st Dept 2010], citing Phoenix Four v Albertini, 245 AD2d 166 [1st Dept 1997]).
As stated by this Court in Levitz,
"Parties will not be permitted to make successive fragmentary attacks upon a cause of action but must assert all available grounds when moving for summary judgment. There can be no reservation of any issue to be used upon any subsequent motion for summary judgment. A court, upon a motion for summary judgment, must examine all of the facts presented by the affidavits, pleadings and documents and decide whether a triable issue is raised. Once having done so, a court may not on a subsequent motion consider matter which a party has withheld or failed to urge as a ground for summary judgment theretofore denied" (17 AD2d at 801).
Here, appellants' first motion for summary judgment was on the issue of serious injury. Their second motion was on the issue of liability. The issue of whether plaintiff sustained a serious injury within the meaning of the Insurance Law, "is a threshold matter separate from the issue of fault" and which must, therefore, be determined separately (Reid v Brown, 308 AD2d 331, 332 [1st Dept 2003]). "[S]erious injury is quintessentially an issue of damages, not liability" (Van Nostrand v Froehlich, 44 AD3d 54, 62 [2d Dept 2007], appeal dismissed 10 NY3d 837 [2008]; see also Shinn v Catanzaro, 1 AD3d 195 [1st Dept 2003]). Under the facts presented, appellants' failure to raise the issue of liability in their first motion for summary judgment does not run afoul of the general disfavor of successive motions since the issue of serious [*2]injury was not germane to the issue of liability (see Elie v City of New York, 33 Misc 3d 958 [Sup Ct, Queens County 2011] [permitting separate summary judgment motions on liability and serious injury threshold because they are based on different legal theories]). 
Appellants have also established the existence of sufficient cause (see Varsity Tr. v Board of Educ. of City of N.Y., 300 AD2d 38, 39 [1st Dept 2002]). Here, the record indicates that the first motion for summary judgment was filed prior to the deposition testimony of defendant-respondent Phanor. In his testimony Phanor admitted that he swerved into appellant's vehicle in order to avoid another unidentified vehicle. While appellant Harrison's deposition testimony, which was taken prior to the filing of the first motion, offered a similar narrative, Phanor's testimony clearly established that Phanor was the sole proximate cause of the accident and there was no issue of fact that appellant Harrison could have avoided the collision. 
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 27, 2024

Footnotes

Footnote 1: Plaintiff did not oppose appellants' second summary judgment motion and has not responded to the appeal.