Feiger v Ray Enters., LLC (2025 NY Slip Op 03131)

Feiger v Ray Enters., LLC

2025 NY Slip Op 03131

Decided on May 22, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: May 22, 2025

Before: Kern, J.P., Gonzalez, Rodriguez, Pitt-Burke, Higgitt, JJ. 

Index No. 651384/13|Appeal No. 4404|Case No. 2024-02909|

[*1]Saul Feiger etc., Plaintiff,
v
Ray Enterprises, LLC, et al., Defendants-Respondents, Maximus Col, LLC, et al., Defendants, Richard Ferguson et al., Defendants-Appellants.

Robert G. Leino, New York, for appellants.
The Law Office of Lisa Fantino, Harrison (Lisa Fantino of counsel), for respondents.

Order, Supreme Court, New York County (Lori S. Sattler, J.), entered April 3, 2024, which granted the motion of defendants Ray Enterprises, LLC and Vladimir Shneyder (together Ray) for summary judgment dismissing the first through sixth cross- claims interposed against them by defendants Richard Ferguson and RJ Group, LLC (together RJ) and directing distribution of the escrowed funds held by plaintiff-interpleader equally between the parties with an offset in Ray's favor for unsatisfied judgments, unanimously affirmed, with costs.
This Court denied Ray's prior motion for summary judgment dismissing the cross-claims and remanded the matter for further discovery because discovery was incomplete (see Feiger v Ray Enters., Inc., 195 AD3d 443 [1st Dept 2021]). Ray properly moved for summary judgment at the close of discovery to dismiss the cross-claims against them and for distribution of the escrowed funds from the sale of real property unrelated to RJ's cross-claims in the action (see Varsity Tr. v Board of Educ. of City of N.Y., 300 AD2d 38, 39 [1st Dept 2002]).
Ray demonstrated their prima facie entitlement to judgment as a matter of law dismissing RJ's first through sixth cross-claims against them by submitting, among other things, the operating agreement for the parties' jointly owned entity, now defunct, Maximus Hill, LLC (Max Hill). These cross-claims, based on Ray's alleged misconduct in the operation and dissipation of Max Hill, fall within the scope of the broadly worded arbitration clause in the operating agreement. Here, arbitration clause expressly states that any dispute between the parties arising from the agreement shall be resolved exclusively in binding arbitration (see Sisters of St. John the Baptist, Providence Rest Convent v Geraghty Constructor, 67 NY2d 997, 999 [1986]; Goppert v National Income Life Ins. Co., 232 AD3d 515, 515-516 [1st Dept 2024]). Moreover, the parties engaged in arbitration proceedings, during which RJ raised the same allegations as in their cross-claims, and which resulted in the sale of Max Hill's only asset and dissolution of the LLC.
Under the circumstances presented, Ray did not waive arbitration when they ceased to pay for the proceedings, and arbitration was discontinued (see Cusimano v Schnurr, 26 NY3d 391, 400 [2015]). Nor did Ray waive arbitration by pursuing their legal claims against RJ, including enforcement of a legally assigned judgment against RJ in their favor (see CPLR 5021[a]). 
We have considered the remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 22, 2025