■ Daniel Kornblum, Respondent, v Blank Rome Tenzer Greenblatt, LLP, Doing Business as Blank Rome LLP, Appellant, and Carol Kornblum, Respondent. [834 NYS2d 245]—In an action seeking a refund of an alleged overpayment under a legal retainer agreement, the defendant/counterclaim plaintiff appeals from an order of the Supreme Court, Richmond County

(Gigante, J.), dated August 2, 2006, which denied its motion, in effect, for leave to renew that branch of its prior motion which was for summary judgment on its counterclaim for an account stated.

Ordered that the order is affirmed, without costs or disbursements.

In an order dated January 11, 2006 the Supreme Court, inter alia, denied that branch of the motion of the defendant/counterclaim plaintiff, Blank Rome Tenzer Greenblatt, LLP, doing business as Blank Rome LLP (hereinafter Blank Rome), which was for summary judgment on its counterclaim for an account stated. The Supreme Court concluded that Blank Rome had not satisfied its burden of establishing its prima facie entitlement to judgment as a matter of law because, in part, "counsel's affirmation in support of [its] motion, made without personal knowledge of the facts, is not competent." Blank Rome did not take an appeal from that order, but filed a motion two months later, which included the affidavit of a Blank Rome partner. Although Blank Rome denominated the motion as a second motion for summary judgment on its counterclaim for an account stated, the Supreme Court treated it as a motion for leave to renew that branch of the previous motion which was for summary judgment on that counterclaim. The Supreme Court denied the motion, in part on the ground that the partner's affidavit could have been submitted with the earlier motion. We affirm.

The Supreme Court properly treated the motion as one for renewal, rather than as a successive summary judgment motion, and properly denied it, because Blank Rome did not proffer a reasonable excuse for failing to submit the attorney's affidavit with its earlier motion (*see* CPLR 2221 [e] [3]; *Kaufman v Kunis*, 14 AD3d 542 [2005]; *Albanese v Hametz*, 4 AD3d 379, 380 [2004]; *LaRosa v Trapani*, 271 AD2d 506, 506-507 [2000]). Even considered as a successive motion for summary judgment, it was properly denied because such successive motions are disfavored (*see Williams v City of White Plains*, 6 AD3d 609, 609 [2004]; *Capuano v Platzner Intl. Group*, 5 AD3d 620, 621 [2004]), and Blank Rome's motion did not fit within the narrow exception to this general proscription (*cf. Varsity Tr. v Board of Educ. of City of N.Y.*, 300 AD2d 38, 39 [2002]). Crane, J.P., Skelos, Covello and Dickerson, JJ., concur.