Myrtle Avenue Shop, Inc., Respondent,
against
Gamal Sherhan, Appellant, et al., Undertenant.




Law Office of Joseph Giaramita, Jr., Esq. (Joseph Giaramita, Jr. of counsel), for appellant.
Norris McLaughlin & Marcus, P.C. (Stephen H. Penn of counsel), for respondent.

Appeal from an order of the Civil Court of the City of New York, Queens County (Donna Marie Golia, J.), entered August 11, 2016, deemed from a final judgment of that court entered August 11, 2016 (see CPLR 5512 [a]). The final judgment, entered pursuant to the August 11, 2016 order granting landlord's motion for summary judgment, awarded landlord possession and the sum of $60,000 in a holdover summary proceeding.




ORDERED that the final judgment is reversed, without costs, the order entered August 11, 2016 is vacated, and landlord's motion for summary judgment is denied.
Landlord, a prime tenant, sublet the subject premises to tenant pursuant to a 2011 written sublease which expired in 2015. The sublease was a product of a 2011 stipulation of settlement in a Supreme Court action between tenant, landlord's principal, and several other parties unrelated to this proceeding. The stipulation of settlement also referred to adding tenant's name to any renewals of the overlease. Upon the expiration of the prime lease and the sublease, landlord did not exercise its option to renew the prime lease and, instead, commenced this holdover proceeding. 
After landlord's first motion for summary judgment had been denied by the Civil Court on the ground that landlord had failed to properly authenticate the documentary evidence [*2]submitted in support of its motion, landlord again moved for summary judgment, this time submitting an affidavit containing personal knowledge and proper authentication of the supporting documentation. However, landlord failed to offer an excuse for its failure to submit these items in support of its first motion. In opposition, tenant asserted that the second motion for summary judgment constituted an improper motion for leave to renew. Tenant's notice of appeal from an order of the Civil Court entered August 11, 2016 granting landlord's second motion is deemed a notice of appeal from the final judgment entered pursuant thereto (see CPLR 5512 [a]). 
As tenant correctly argued, landlord's second summary judgment motion, made on the same grounds as the first, was, although not so denominated, properly a motion for leave to renew pursuant to CPLR 2221 (e). While the dissenting justice treats landlord's second motion solely as a successive summary judgment motion, we note that there is a distinction between a motion for leave to renew a summary judgment motion made on the same ground as the prior motion and a successive summary judgment motion made upon a new ground (see Kornblum v Blank Rome Tenzer Greenblatt, LLP, 39 AD3d 482 [2007]; cf. Newburgh Winnelson Co. v Baisch Mech., Inc., 30 AD3d 495 [2006]). Pursuant to CPLR 2221 (e) (3), landlord was required to provide a reasonable justification for the failure to present the proper authentication for its documentary evidence in its first motion. However, landlord did not provide any justification for its failure to do so. Consequently, the Civil Court should have denied landlord's second motion (see Wells Fargo Bank, N.A. v Leonardo, 167 AD3d 814 [2018]; Vinar v Litman, 110 AD3d 867 [2013]; Kornblum, 39 AD3d at 483).
Accordingly, the final judgment is reversed, the order entered August 11, 2016 is vacated, and landlord's motion for summary judgment is denied.
PESCE, P.J., and SIEGAL, J., concur.
WESTON, J., dissents and votes to affirm the final judgment in the following memorandum:
The general rule disfavoring successive summary judgment motions was never meant to remove the inherent discretionary authority of the trial judge. The Civil Court recognized the applicable guiding legal principles and gave a well-reasoned explanation for why it entertained the successive motion; therefore, its order constituted a provident exercise of discretion. Accordingly, I vote to affirm.
As noted by the court in its decision, successive summary judgment motions in the same action are discouraged. However, as further noted by the court, "a subsequent summary judgment motion may be properly entertained [by the trial court] when it is substantively valid and [when] the granting of the motion will further the ends of justice while eliminating an unnecessary burden on the resources of the courts" (Rose v Horton Med. Ctr., 29 AD3d 977, 978 [2006] [internal quotation marks omitted]; see also Graham v City of New York, 136 AD3d 747 [2016]; Fuller v Nesbitt, 116 AD3d 999 [2014]; Valley Natl. Bank v INI Holding, LLC, 95 AD3d 1108 [2012]; Mount Vernon Fire Ins. Co. v Timm, 237 AD2d 586 [1997]; 885 Park Ave. Brooklyn, LLC v Goddard, 55 Misc 3d 74 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2017]).
The decision whether to consider a successive summary judgment motion rests within the sound discretion of the motion court. Arguably, one of the main reasons for the principle is to [*3]avoid a party from making multiple motions on grounds or facts that existed at the time the initial motion was made (fragmented attacks), which waste limited judicial resources. However, where a trial court considers the law and the arguments advanced by the parties, and determines that it will entertain the successive motion, finding other sufficient cause exists, the court has the authority to entertain the successive motion.
"Exceptions are permitted to the rule against successive summary judgment motions not only when evidence has been newly discovered since the prior motion [a circumstance not present here], but also when 'other sufficient cause' for the subsequent motion exists. Here, sufficient cause to except to the rule exists inasmuch as the record . . . demonstrates that the matter can be further disposed of without burdening the resources of the court and movants with a plenary trial. If a dispositive point can be reached, it should be" (Varsity Tr., Inc. v Board of Educ. of City of NY, 300 AD2d 38, 39 [2002] [citations omitted]). 
Inasmuch as the initial motion was not decided on the merits, but rather on procedural grounds, and the instant proceeding turns on a purely legal question which would further the ends of justice conserving judicial resources, the Civil Court properly elected to entertain the motion under the specific circumstances of this case.

Further, in my opinion, contrary to the majority's holding, landlord did offer an explanation for not submitting an affidavit in support of the initial motion. Landlord explained that the validity and authenticity of the lease and sublease were never at issue or raised as an argument by tenant. Indeed, tenant relied upon the same documents used by landlord in its opposition papers, and the same documents were the basis of a settlement agreement. Based upon that fact, landlord did not consider the lease's authenticity to be an issue in controversy. Thus, the initial motion was denied on a procedural ground not raised by the litigants. In these circumstances, I agree with the trial court that granting landlord's motion would further the ends of justice.
Accordingly, I vote to affirm.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: June 14, 2019