P.J. 37 Food Corp. v George Doulaveris & Son, Inc. (2020 NY Slip Op 07207)





P.J. 37 Food Corp. v George Doulaveris & Son, Inc.


2020 NY Slip Op 07207


Decided on December 2, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 2, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
JOHN M. LEVENTHAL
SHERI S. ROMAN
BETSY BARROS, JJ.


2019-00154
 (Index No. 18214/13)

[*1]P.J. 37 Food Corp., respondent,
v
George Doulaveris & Son, Inc., appellant.


Coran Ober P.C., Flushing, NY (Steven T. Beard of counsel), for appellant.
Michael W. Holland, Williston Park, NY, for respondent.



DECISION & ORDER
In an action for declaratory relief, the defendant appeals from an order of the Supreme Court, Queens County (Marguerite A. Grays, J.), entered November 27, 2018. The order, insofar as appealed from, denied those branches of the defendant's motion which were for summary judgment with respect to the complaint, on its counterclaims, and dismissing the plaintiff's affirmative defenses to the counterclaims, and for leave to renew its prior two motions for summary judgment on its counterclaim for ejectment, which had been denied in orders of the same court dated June 24, 2015, and December 23, 2016.
ORDERED that the order entered November 27, 2018, is affirmed insofar as appealed from, with costs.
The plaintiff, P.J. 37 Food Corp. (hereinafter the tenant), leased a certain commercial property from the defendant, George Doulaveris & Sons, Inc. (hereinafter the owner). The tenant commenced this action for a judgment declaring, inter alia, that it was not in default of the lease. The owner answered and asserted counterclaims. The tenant replied and asserted affirmative defenses to the counterclaims. The owner twice moved for summary judgment on its counterclaim for ejectment, and the Supreme Court denied both motions.
Thereafter, the owner moved, among other things, for summary judgment with respect to the complaint, on its counterclaims, and dismissing the plaintiff's affirmative defenses to the counterclaims, and for leave to renew its prior motions for summary judgment on its counterclaim for ejectment. In an order entered November 27, 2018, the Supreme Court denied those branches of the owner's motion. The owner appeals.
We agree with the Supreme Court's determination to deny that branch of the owner's motion which was for leave to renew its prior motions for summary judgment on its counterclaim for ejectment. "A motion for leave to renew is addressed to the sound discretion of the court" (Matheus v Weiss, 20 AD3d 454, 454-455; see Okumus v Living Room Steak House, Inc., 112 AD3d 799, 800). A motion for leave to renew "shall be based upon new facts not offered on the prior motion that would change the prior determination" and "shall contain reasonable justification for the failure to present such facts on the prior motion" (CPLR 2221[e][2], [3]; see Bukhtiyarova v Cohen, 172 AD3d 1153, 1155-1156; Phoenix Grantor Trust v Exclusive Hospitality, LLC, 172 AD3d 927, 927). "While a court has discretion to entertain renewal based on facts known to the movant at the [*2]time of the original motion, the movant must set forth a reasonable justification for the failure to submit the information in the first instance" (Bank of N.Y. Mellon Trust Co., N.A. v Talukder, 176 AD3d 772, 773-774 [internal quotation marks omitted]). "When no reasonable justification is given for failing to present new facts on the prior motion, the Supreme Court lacks discretion to grant renewal" (id. at 774 [internal quotation marks omitted]; see Zelouf Intl. Corp. v Rivercity, LLC, 123 AD3d 1116, 1116). Here, the owner failed to provide a reasonable justification for its failure to present the evidence supporting its renewal motion as part of its prior motions (see Bank of N.Y. Mellon Trust Co., N.A. v Talukder, 176 AD3d at 774; Zelouf Intl. Corp. v Rivercity, LLC, 123 AD3d at 1116).
We also agree with the Supreme Court's determination to deny those branches of the owner's motion which were for summary judgment. "Successive motions for summary judgment should not be made based upon facts or arguments which could have been submitted on the original motion for summary judgment" (Hillrich Holding Corp. v BMSL Mgt., LLC, 175 AD3d 474, 475 [internal quotation marks omitted]). "Successive motions for summary judgment should not be entertained in the absence of good cause, such as a showing of newly discovered evidence" (Deutsche Bank Natl. Trust Co. v Elshiekh, 179 AD3d 1017, 1020). "However, evidence is not newly discovered simply because it was not submitted on the prior motion; rather, the evidence must not have been available to the party at the time it made its initial motion and could not have been established through alternate evidentiary means" (id. at 1020; see Vinar v Litman, 110 AD3d 867; Coccia v Liotti, 101 AD3d 664, 666).
Here, the owner failed to establish that the evidence it submitted in support of those branches of its motion which were for summary judgment was not available to it when it previously moved for summary judgment on two occasions and could not have been submitted on the prior motions. Accordingly, we agree with the Supreme Court's determination to deny those branches of the owner's motion which were for summary judgment (see Hillrich Holding Corp. v BMSL Mgt., LLC, 175 AD3d at 475; Vinar v Litman, 110 AD3d at 869).
AUSTIN, J.P., LEVENTHAL, ROMAN and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court