Wells Fargo Bank, NA v Carpenter (2020 NY Slip Op 07426)





Wells Fargo Bank, NA v Carpenter


2020 NY Slip Op 07426


Decided on December 9, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 9, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
SHERI S. ROMAN
COLLEEN D. DUFFY
BETSY BARROS, JJ.


2018-10256
 (Index No. 13243/12)

[*1]Wells Fargo Bank, NA, respondent,
v
Robert Carpenter, appellant, et al., defendants.


Fred M. Schwartz, Smithtown, NY, for appellant.
Reed Smith LLP, New York, NY (Andrew B. Messite and Michael V. Margarella of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Robert Carpenter appeals from an order of the Supreme Court, Suffolk County (Jeffrey Arlen Spinner, J.), entered May 31, 2018. The order, insofar as appealed from, granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant Robert Carpenter, to strike that defendant's answer, and for an order of reference.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant Robert Carpenter, to strike that defendant's answer, and for an order of reference are denied.
On June 23, 2003, the defendant Robert Carpenter executed a note in favor of Alliance Mortgage Banking Corp. in the principal sum of $213,099. The note was secured by a mortgage on certain real property located in Suffolk County. The plaintiff was subsequently assigned the note and mortgage. On April 27, 2012, the plaintiff commenced this action to foreclose the mortgage, alleging that Carpenter defaulted on the note by failing to make the payment due on October 1, 2006. In an order dated February 1, 2016, the Supreme Court denied the plaintiff's motion, inter alia, for summary judgment on the complaint insofar as asserted against Carpenter, to strike his answer, and for an order of reference because the plaintiff failed to prima facie establish that it strictly complied with the requirements of RPAPL 1304. In January 2017, the plaintiff again moved, inter alia, for summary judgment on the complaint insofar as asserted against Carpenter, to strike his answer, and for an order of reference. In an order entered May 31, 2018, the court granted those branches of the plaintiff's motion. Carpenter appeals.
"Generally, successive motions for summary judgment should not be entertained, absent a showing of newly discovered evidence or other sufficient cause" (Hillrich Holding Corp. v BMSL Mgt., LLC, 175 AD3d 474, 475 [internal quotation marks omitted]; see Deutsche Bank Natl. Trust Co. v Elshiekh, 179 AD3d 1017, 1020). "Evidence is not newly discovered simply because it was not submitted on the previous motion" (Hillrich Holding Corp. v BMSL Mgt., LLC, 175 AD3d at 475 [internal quotation marks omitted]; see Deutsche Bank Natl. Trust Co. v Elshiekh, 179 AD3d at 1020). "Rather, the evidence that was not submitted in support of the previous summary judgment [*2]motion must be used to establish facts that were not available to the party at the time it made its initial motion for summary judgment and which could not have been established through alternative evidentiary means" (Hillrich Holding Corp. v BMSL Mgt., LLC, 175 AD3d at 475 [internal quotation marks omitted]; see Deutsche Bank Natl. Trust Co. v Elshiekh, 179 AD3d at 1020). "Successive motions for summary judgment should not be made based upon facts or arguments which could have been submitted on the original motion for summary judgment" (Hillrich Holding Corp. v BMSL Mgt., LLC, 175 AD3d at 745 [internal quotation marks omitted]).
Here, the Supreme Court had already denied the plaintiff's prior motion, inter alia, for summary judgment on the complaint insofar as asserted against Carpenter and for an order of reference. The plaintiff provided no newly discovered evidence that could not have been submitted on its original motion (see id.) and did not demonstrate other sufficient cause why the second motion should be entertained. Accordingly, the court should have denied those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against Carpenter, to strike his answer, and for an order of reference.
In light of our determination, the parties' remaining contentions need not be reached.
RIVERA, J.P., ROMAN, DUFFY and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court