Wells Fargo Bank, N.A. v Osias (2022 NY Slip Op 03275)

Wells Fargo Bank, N.A. v Osias

2022 NY Slip Op 03275

Decided on May 18, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 18, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
FRANCESCA E. CONNOLLY
LINDA CHRISTOPHER
LARA J. GENOVESI, JJ.

2019-01389
2019-01390
2020-01621
 (Index No. 706644/14)

[*1]Wells Fargo Bank, N.A., etc., respondent,
v
Ella Osias, appellant, et al., defendants.

Glenn Rodney, P.C., Great Neck, NY, for appellant.
Sheldon May & Associates, P.C. (Locke Lord LLP, New York, NY [Robert H. King and R. James De Rose III], of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendant Ella Osias appeals from (1) an order of the Supreme Court, Queens County (Robert J. McDonald, J.), entered November 14, 2018, (2) an order of the same court, also entered November 14, 2018, and (3) an order and judgment of foreclosure and sale (one paper) of the same court (Mojgan C. Lancman, J.) entered December 27, 2019. The first order entered November 14, 2018, insofar as appealed from, granted the plaintiff's motion, denominated as one seeking, inter alia, summary judgment on the complaint insofar as asserted against the defendant Ella Osias, but which was, in actuality, one for leave to renew those branches of the plaintiff's prior motion which were for summary judgment on the complaint insofar as asserted against that defendant, to strike her answer, affirmative defenses, and counterclaim, and for an order of reference, which had been determined in an order of the same court entered August 4, 2015. The second order entered November 14, 2018, insofar as appealed from, granted the same relief to the plaintiff and referred the matter to a referee to ascertain and compute the amount due to the plaintiff. The order and judgment of foreclosure and sale, upon the orders entered November 14, 2018, inter alia, granted the plaintiff's motion to confirm the referee's report and directed the sale of the subject property.
ORDERED that the appeals from the two orders entered November 14, 2018, are dismissed; and it is further,
ORDERED that the order and judgment of foreclosure and sale is reversed, on the law, with costs, the plaintiff's motion, denominated as one seeking, inter alia, summary judgment on the complaint insofar as asserted against the defendant Ella Osias, but which was, in actuality, one for leave to renew those branches of the plaintiff's prior motion which were for summary judgment on the complaint insofar as asserted against that defendant, to strike her answer, affirmative defenses, and counterclaim, and for an order of reference is denied, the plaintiff's motion to confirm the referee's report and for a judgment of foreclosure and sale is denied, and the orders entered November 14, 2018, are modified accordingly.
The appeals from the two orders entered November 14, 2018, must be dismissed because the right of direct appeal therefrom terminated with the entry of the order and judgment of [*2]foreclosure and sale in the action (see Matter of Aho, 39 NY2d 241, 248). The issues raised on the appeals from the orders are brought up for review and have been considered on the appeal from the order and judgment of foreclosure and sale (see CPLR 5501[a][1]; Matter of Aho, 39 NY2d at 248).
The plaintiff commenced this action to foreclose a mortgage on real property owned by the defendant Ella Osias (hereinafter the defendant). In her answer, the defendant raised several affirmative defenses, including, inter alia, failure to comply with RPAPL 1304 and the contractual notice provisions of the note and mortgage, and asserted a counterclaim. Subsequently, the plaintiff moved, among other things, for summary judgment on the complaint insofar as asserted against the defendant and for an order of reference. In an order entered August 4, 2015, the Supreme Court granted those branches of the plaintiff's motion. In a decision and order dated December 27, 2017, this Court, inter alia, reversed the Supreme Court's order based upon the plaintiff's failure to establish that it complied with a contractual condition precedent (see Wells Fargo Bank, N.A. v Osias, 156 AD3d 942).
Soon thereafter, the plaintiff again made a motion, denominated as one seeking, inter alia, summary judgment on the complaint insofar as asserted against the defendant, to strike her answer, affirmative defenses, and counterclaim, and for an order of reference. The defendant opposed the plaintiff's motion. In an order entered November 14, 2018, the Supreme Court, among other things, granted those branches of the plaintiff's motion. In a second order, also entered November 14, 2018, the court granted the same relief to the plaintiff and appointed a referee to compute the amount due to the plaintiff. Subsequently, in an order and judgment of foreclosure and sale entered December 27, 2019, the court, among other things, granted the plaintiff's motion to confirm the referee's report and directed the sale of the subject property. The defendant appeals from the November 14, 2018 orders and the order and judgment of foreclosure and sale.
Although denominated as a motion, inter alia, for summary judgment, the plaintiff's motion which was determined in the November 14, 2018 orders, was, in actuality, a motion for leave to renew its prior motion, among other things, for summary judgment (see CPLR 2221), because the new evidence supporting its second motion for summary judgment could have been submitted by the plaintiff in support of its first motion for summary judgment (see P.J. 37 Food Corp. v George Doulaveris & Son, Inc., 189 AD3d 858; Kornblum v Blank Rome Tenzer Greenblatt, LLP, 39 AD3d 482, 483).
"While a court has discretion to entertain renewal based on facts known to the movant at the time of the original motion, the movant must set forth a reasonable justification for the failure to submit the information in the first instance" (P.J. 37 Food Corp. v George Doulaveris & Son, Inc., 189 AD3d at 859 [internal quotation marks omitted]; Bank of N.Y. Mellon Trust Co., N.A. v Talukder, 176 AD3d 772, 774 [internal quotation marks omitted]). "When no reasonable justification is given for failing to present new facts on the prior motion, the Supreme Court lacks discretion to grant renewal" (P.J. 37 Food Corp. v George Doulaveris & Son, Inc., 189 AD3d at 859 [internal quotation marks omitted]; see Wells Fargo Bank, N.A. v Mone, 185 AD3d 626, 629; Bank of N.Y. Mellon Trust Co., N.A. v Talukder, 176 AD3d at 774). Here, the plaintiff failed to provide any justification for its failure to present the new evidence supporting its renewal motion as part of its prior motion.
Even considered as a successive motion for summary judgment, such a motion "should not be entertained in the absence of good cause, such as a showing of newly discovered evidence" (Deusche Bank Natl. Trust Co. v Elshiekh, 179 AD3d 1017, 1020; see P.J. 37 Food Corp. v George Doulaveris & Son, Inc., 189 AD3d at 859). Here, the plaintiff failed to present good cause.
The plaintiff's motion also did not fit within the "narrow exception" to the successive summary judgment rule (Kornblum v Blank Rome Tenzer Greenblatt, LLP, 39 AD3d at 483), which permits entertainment of a successive motion when it is "substantively valid and the granting of the motion will further the ends of justice and eliminate an unnecessary burden on the resources of the courts" (Aurora Loan Servs., LLC v Yogev, 194 AD3d 996, 997 [internal quotation marks omitted]; see American Equity Ins. Co. v A & B Roofing, Inc., 106 AD3d 762, 763; Rose v Horton Med. Ctr., 29 AD3d 977, 978; Varsity Tr. v Board of Educ. of City of N.Y., 300 AD2d 38, 39). Here, [*3]entertaining a second summary judgment motion involved review of multiple disputed issues, including the plaintiff's compliance with the contractual condition precedent, and compliance with RPAPL 1304. Thus, rather than eliminating a burden on the Supreme Court, the court's consideration of the second motion actually imposed an additional burden on the court. "Successive motions for the same relief burden the courts and contribute to the delay and cost of litigation. A party seeking summary judgment should anticipate having to lay bare its proof and should not expect that it will readily be granted a second or third chance" (Deutsche Bank Natl. Trust Co. v Elshiekh, 179 AD3d at 1020; see Nationstar Mtge., LLC v Jong Sim, 197 AD3d 1178).
Accordingly, we reverse the order and judgment of foreclosure and sale.
In light of our determination, we need not reach the parties' remaining contentions.
BARROS, J.P., CONNOLLY, CHRISTOPHER and GENOVESI, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court