U.S. Bank Trust, N.A. v Green-Stevenson (2022 NY Slip Op 05178)

U.S. Bank Trust, N.A. v Green-Stevenson

2022 NY Slip Op 05178

Decided on September 14, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 14, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
SHERI S. ROMAN
LINDA CHRISTOPHER
WILLIAM G. FORD, JJ.

2019-09579
 (Index No. 523542/17)

[*1]U.S. Bank Trust, N.A., etc., respondent, 
v
Deloise Green-Stevenson, et al., appellants, et al., defendants.

Deloise Green-Stevenson and Anthony Stevenson III, Brooklyn, NY, appellants pro se.
Cohn & Roth, LLC, Mineola, NY (Kevin T. MacTiernan of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendants Deloise Green-Stevenson and Anthony Stevenson III appeal from an order of the Supreme Court, Kings County (Noach Dear, J.), dated May 14, 2019. The order, insofar as appealed from, denied that branch of those defendants' motion which was, in effect, for summary judgment dismissing the complaint insofar as asserted against them.
ORDERED that the order is affirmed insofar as appealed from, with costs.
On December 7, 2017, the plaintiff commenced this action against the defendants Deloise Green-Stevenson and Anthony Stevenson III (hereinafter together the defendants), among others, to foreclose a mortgage on real property located in Brooklyn and filed a notice of pendency. After serving a pro se answer and a pro se amended answer, the defendants moved to cancel the notice of pendency. Thereafter, the defendants made five additional motions, seeking, inter alia, in effect, summary judgment dismissing the complaint insofar as asserted against them for lack of standing, leave to enter a default judgment on the counterclaims asserted in their proposed third amended answer, and pursuant to CPLR 3025(b) for leave to serve a fourth amended answer.
Thereafter, the defendants moved, inter alia, in effect, for summary judgment dismissing the complaint insofar as asserted against them, arguing, among other things, that the action was barred by the statute of limitations (hereinafter the seventh motion). Subsequently, the defendants moved pursuant to CPLR 3124 to compel the plaintiff to comply with certain discovery demands (hereinafter the eighth motion). The plaintiff opposed the seventh and eighth motions, arguing, inter alia, that the seventh motion should be denied as a successive motion for summary judgment.
In orders dated December 5, 2018, and January 23, 2019, the Supreme Court denied the defendants' first six motions. This Court affirmed the order dated December 5, 2018, insofar as reviewed (see U.S. Bank Trust, N.A. v Green-Stevenson, ___ AD3d ___ [Appellate Division Docket No. 2019-03857; decided herewith]). In an order dated May 14, 2019, the Supreme Court denied the seventh and eighth motions, finding, among other things, that triable issues of fact existed as to [*2]whether the action was time-barred. The defendants appeal from so much of the order dated May 14, 2019, as denied that branch of the seventh motion which was, in effect, for summary judgment dismissing the complaint insofar as asserted against them. We affirm, albeit on a ground different from that relied upon by the Supreme Court.
"Successive motions for summary judgment should not be entertained in the absence of good cause, such as a showing of newly discovered evidence. However, evidence is not newly discovered simply because it was not submitted on the prior motion; rather, the evidence must not have been available to the party at the time it made its initial motion and could not have been established through alternate evidentiary means" (Deutsche Bank Natl. Trust Co. v Elshiekh, 179 AD3d 1017, 1020; see Hillrich Holding Corp. v BMSL Mgt., LLC, 175 AD3d 474, 475; Vinar v Litman, 110 AD3d 867, 868).
Here, the defendants' prior motion denominated as one to dismiss the complaint insofar as asserted against them for lack of standing, which was made after issue was joined, was, in effect, a motion for summary judgment dismissing the complaint insofar as asserted against them. The seventh motion, denominated as one, inter alia, to dismiss the complaint insofar as asserted against the defendants on the ground, among other things, that the action was time-barred, was also, in effect, a motion, inter alia, for summary judgment dismissing the complaint insofar as asserted against them. Since the defendants made no showing of newly discovered evidence or other sufficient cause, the subject branch of the seventh motion should have been denied as an improper successive summary judgment motion (see Wells Fargo Bank, NA v Carpenter, 189 AD3d 1124, 1125-1126).
In light of our determination, we need not reach the defendants' remaining contention.
BRATHWAITE NELSON, J.P., ROMAN, CHRISTOPHER and FORD, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court