U.S. Bank N.A. v Kelly (2024 NY Slip Op 00448)

U.S. Bank N.A. v Kelly

2024 NY Slip Op 00448

Decided on January 31, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 31, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
JOSEPH J. MALTESE
PAUL WOOTEN
LOURDES M. VENTURA, JJ.

2022-01442
 (Index No. 600756/15)

[*1]U.S. Bank National Association, etc., respondent,
v
Thomas Kelly, et al., appellants, et al., defendants.

Charles Wallshein, Melville, NY (Charles W. Marino of counsel), for appellants.
Friedman Vartolo LLP, New York, NY (Ronald P. Labeck of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendants Thomas Kelly and Jennifer Kelly appeal from an order of the Supreme Court, Suffolk County (S. Betsy Heckman Torres, J.), dated January 7, 2022. The order, insofar as appealed from, granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendants Thomas Kelly and Jennifer Kelly and for an order of reference, and appointed a referee to compute the amount due to the plaintiff.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendants Thomas Kelly and Jennifer Kelly and for an order of reference are denied.
On August 12, 2005, the defendant Thomas Kelly executed a note in the sum of $495,200 in favor of US Mortgage Corporation DBA Mortgage Concepts, a New York Banking Corporation (hereinafter Mortgage Concepts), which was secured by a mortgage on certain real property located in Suffolk County. The mortgage was signed by both Thomas Kelly and the defendant Jennifer Kelly (hereinafter together the defendants).
On January 26, 2015, the plaintiff, Mortgage Concepts' successor in interest, commenced this action to foreclose the mortgage. In or around June 2016, the plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendants and for an order of reference. In support of the motion, the plaintiff submitted, among other things, an affidavit from Angie Farmer, a representative of Rushmore Loan Management Services, LLC (hereinafter Rushmore), the plaintiff's attorney-in-fact. In an order dated May 15, 2018, the Supreme Court, inter alia, denied those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendants and for an order of reference, with leave to renew within 120 days of the order. The court determined, among other things, that the plaintiff failed to establish, prima facie, the defendants' default in payment by submitting Farmer's affidavit, as Farmer did not aver that she was familiar with the record-keeping practices and procedures of the plaintiff or its loan servicer at the time of the alleged default.
In or around June 2018, the plaintiff made a second motion, inter alia, for summary judgment on the complaint insofar as asserted against the defendants and for an order of reference. In support of that motion, the plaintiff submitted, among other things, the same affidavit from Farmer. In an order dated December 16, 2019, the Supreme Court, inter alia, denied those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendants and for an order of reference. The court determined that, among other defects, Farmer's affidavit was not accompanied by the business records upon which she relied, and thus, her affidavit contained inadmissible hearsay. The court further directed that no further motion would be allowed unless permission was obtained from the court by letter setting forth "the grounds and the need for such motion."
In a letter dated February 4, 2020, the plaintiff requested leave to make another motion for summary judgment. In or around September 2020, upon the Supreme Court granting the plaintiff leave, the plaintiff made its third motion, inter alia, for summary judgment on the complaint insofar as asserted against the defendants and for an order of reference. In support of that motion, the plaintiff submitted, among other things, the affidavit of Kerry Walthall, a representative of Rushmore. Walthall averred, inter alia, that she was familiar with Rushmore's records and record-keeping practices regarding the subject loan, and that Thomas Kelly was in default under the terms of the note and the mortgage agreement. In an order dated January 7, 2022, the court, among other things, granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendants and for an order of reference, and appointed a referee to compute the amount due to the plaintiff. The defendants appeal.
"Generally, successive motions for summary judgment should not be entertained, absent a showing of newly discovered evidence or other sufficient cause" (Hillrich Holding Corp. v BMSL Mgt., LLC, 175 AD3d 474, 475 [internal quotation marks omitted]; see Wells Fargo Bank, NA v Carpenter, 189 AD3d 1124, 1125). "Evidence is not newly discovered simply because it was not submitted on the previous motion" (Hillrich Holding Corp. v BMSL Mgt., LLC, 175 AD3d at 475 [internal quotation marks omitted]; see Wells Fargo Bank, NA v Carpenter, 189 AD3d at 1125). "Rather, the evidence that was not submitted in support of the previous summary judgment motion must be used to establish facts that were not available to the party at the time it made its initial motion for summary judgment and which could not have been established through alternative evidentiary means" (Hillrich Holding Corp. v BMSL Mgt., LLC, 175 AD3d at 475 [internal quotation marks omitted]; see U.S. Bank Trust, N.A. v Green-Stevenson, 208 AD3d 1205, 1206). "Successive motions for summary judgment should not be made based upon facts or arguments which could have been submitted on the original motion for summary judgment" (Hillrich Holding Corp. v BMSL Mgt., LLC, 175 AD3d at 475 [internal quotation marks omitted]).
Here, the plaintiff failed to submit any newly discovered evidence on the subject motion that could not have been submitted on either of its prior two motions, and did not demonstrate sufficient cause why the third motion should have been entertained (see Wells Fargo Bank, NA v Carpenter, 189 AD3d at 1126). Thus, the Supreme Court should have denied those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendants and for an order of reference as an improper successive motion for summary judgment (see U.S. Bank Trust, N.A. v Green-Stevenson, 208 AD3d at 1206).
In light of our determination, we need not reach the defendants' remaining contentions.
IANNACCI, J.P., MALTESE, WOOTEN and VENTURA, JJ., concur.

2022-01442 DECISION & ORDER ON MOTION
U.S. Bank National Association, etc., respondent,
v Thomas Kelly, et al., appellants, et al., defendants.
(Index No. 600756/15)

Appeal from an order of the Supreme Court, Suffolk County, dated January 7, 2022. Motion by the respondent, inter alia, to dismiss the appeal on the ground that the dismissal of a prior appeal for failure to timely perfect precludes consideration of the issues to be raised on the appeal from the order dated January 7, 2022, pursuant to Bray v Cox (38 NY2d 350). By decision and order on motion of this Court dated March 27, 2023, that branch of the motion which was to dismiss the appeal on the ground that the dismissal of a prior appeal for failure to timely perfect precludes consideration of the issues to be raised on the appeal from the order dated January 7, 2022, pursuant to Bray v Cox (38 NY2d 350), was held in abeyance and referred to the panel of Justices hearing the appeal for determination upon the argument or submission thereof.
Upon the papers filed in support of the motion and the papers filed in opposition thereto, and upon the argument of the appeal, it is
ORDERED that the branch of the motion which is to dismiss the appeal on the ground that the dismissal of a prior appeal for failure to timely perfect precludes consideration of the issues to be raised on the appeal from the order dated January 7, 2022, pursuant to Bray v Cox (38 NY2d 350), is denied.
IANNACCI, J.P., MALTESE, WOOTEN and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court