**Lide v Consolidated Edison Co. of N.Y., Inc.**

2025 NY Slip Op 32503(U)

July 14, 2025

Supreme Court, Kings County

Docket Number: Index No. 517779/2016

Judge: Carolyn E. Wade

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

At an I.A.S. Trial Term, Part __84__ of the Supreme Court of the State of New York, held in and for the County of Kings, at the Courthouse, located at 360 Adams Street, Borough of Brooklyn, City and State of New York, on the ___14th___ day of July, 20 25

PRESENT: HON. CAROLYN E. WADE, J.S.C.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS

----------------------------------------------X

JEFFREY LIDE,

                        Plaintiff,

      -against-

CONSOLIDATED EDISON COMPANY OF NEW YORK, INC. and MECC CONTRACTING, INC.

                       Defendants.

----------------------------------------------X

CONSOLIDATED EDISON COMPANY OF NEW YORK,

                     Third-Party Plaintiff,

      -against-

MECC CONTRACTING, INC.

                     Third-Party Defendant.

----------------------------------------------X

Index No.: 517779/2016

**DECISION AND ORDER**

Motion Seq. 007

      Plaintiff JEFFREY LIDE's (hereinafter "Plaintiff") Motion (NYSCEF Doc. No. 137-147) seeks an Order pursuant to CPLR § 3212 granting Summary Judgment on the issue of liability and CPLR § 3212(c) for an immediate trial for the purpose of assessing damages.

      Defendant/Third-Party Plaintiff, CONSOLIDATED EDISON COMPANY OF NEW YORK (hereinafter "Defendant") opposed the Motion (NYSCEF Doc. Nos. 148-149) respectfully requesting that this Court deny Plaintiff's Motion in its entirety.

1

[* 1]

## STATEMENT OF FACTS

Plaintiff alleges that on September 30, 2015, while sitting in his vehicle, which was lawfully stopped above a manhole at or near 744-746 Nostrand Avenue in Brooklyn, New York, the subject manhole exploded underneath his vehicle, causing the vehicle to lift off of the ground, injuring Plaintiff. *See* NYSCEF Doc. No. 1. Plaintiff further alleges that Defendant was the owner of the manhole, including its structures and contents, which was part of the underground electric, gas and/or steam distribution system that was being used in connection with Defendant's services. *Id.*

## ANALYSIS

Upon a reading of the foregoing papers, and all other papers and proceedings in this action, and after oral argument, Plaintiff's Motion (Seq. 007) is decided as follows:

Under well-established New York jurisprudence, "successive motions for summary judgment should not be entertained absent a showing of newly discovered evidence or other sufficient cause." *Hillrich Holding Corp. v. BMSL Mgt., LLC*, 175 A.D.3d 474, 103 N.Y.S.3d 846 (2d Dept. 2019); *P.J. 37 Food Corp. v. George Doulaveris & Son, Inc.*, 189 A.D.3d 858, 859, 137 N.Y.S.3d 437 (2d Dept. 2020) (Court held that "successive motions for summary judgment should not be made based upon facts or arguments which could have been submitted on the original motion for summary judgment" and "successive motions for summary judgment should not be entertained in the absence of good cause, such as a showing of newly discovered evidence"); *Wells Fargo Bank, NA v. Carpenter*, 189 A.D.3d 1124, 1126, 133 N.Y.S.3d 837 (2d Dept. 2020) (holding that the lower court should not have entertained plaintiff's successive summary judgment motion because plaintiff "provided no newly discovered evidence that could not have been submitted on its original motion and did not demonstrate other sufficient cause why the second motion should be entertained.")

It is undisputed that, on June 12, 2018, Plaintiff previously moved for summary judgment on identical grounds as the instant motion. *See* NYSCEF Doc. No. 59. Plaintiff's initial summary judgment motion was denied on January 29, 2019, when this Honorable Court held that "in this instant

2

[* 2]

case, given the limited record as no depositions have been conducted, this Court finds that Plaintiff has not established his entitlement to summary judgment based on the doctrine of *res ipsa loquitur*. At this juncture, there remain questions of facts to be determined by the trier of fact." *See* NYSCEF Doc. No. 80.

While depositions have been completed since Plaintiff initially moved for summary judgment, Plaintiff does not rely on any deposition testimony in support of the instant motion, apart from his own, which mirrors the statements made in his Affidavit in Support of his initial summary judgment motion. *See* NYSCEF Doc. No. 60. Rather, Plaintiff readily admits that "each [CON ED] witness produced knew strikingly little regarding the subject accident." *See* NYSCEF Doc. No. 138 ¶ 18. Plaintiff also admits that CON ED's "only other information provided in discovery was 3 'trouble tickets,' as outlined in Third Party Defendant MECC Contracting, Inc.'s Motion for Summary Judgment," which was filed on January 8, 2018, approximately five (5) months *prior* to Plaintiff's initial motion for summary judgment. As such, Plaintiff has not relied on any *new* evidence in support of his successive summary judgment motion.

Summary judgment is inappropriate when there are issues of fact with respect to the exclusivity of control over the instrumentality that allegedly caused the injury. *Jainsinghani v. One Vanderbilt Owner, LLC,* 162 A.D.3d 603, 80 N.Y.S.3d 36 (1st Dept. 2018); *Consol. Ed. Co. of N.Y., Inc.,* 2012 Misc. LEXIS 6618 (N.Y. Sup. Court, N.Y. County 2012) (Court held that "Although the City controls the sewer system, and is obligated to repair defects in that system, that does not automatically make it liable for all sewage leaks. Plaintiff has failed to demonstrate that the defendants had exclusive control over the instrumentality that caused the sewage leak).

CON ED's representative, Joseph Breakenridge, testified that CON ED did not have exclusive control over the manhole or manhole cover in question, explaining that anyone with wire and hooks can open it. *See* NYSCEF Doc. No. 145 at pp. 108: 4-25; 109: 2-21; 111: 5-10.

3

[* 3]

CON ED's Engineering Supervisor, Andrii Kozak, corroborated Mr. Breakenridge's testimony attesting that the manhole covered depicted in the photographs is not locked and may have been accessed by anyone with metal and hooks, including the City of New York, National Grid, and any cable or utility company who wishes to access it. *See* NYSCEF Doc. No. 149 at ¶ 5. Mr. Kozak further attested that the manhole cover itself is routinely ridden over, plowed over, and otherwise manipulated by traffic, including Plaintiff's vehicle on the day of the incident, and the manhole is part of a complex interconnected underground system in New York City, which houses sewer systems, cable wires and other utilities. *See* NYSCEF Doc. No. 149 at ¶ 6. As such, there are issues of material fact with respect to the exclusivity of CON ED's control over the manhole or manhole cover.

Accordingly, it is hereby **ORDERED** that Plaintiff's Motion for Summary Judgment is **DENIED**.

This constitutes the Decision and Order of the Court.

ENTER:

_____

Honorable Carolyn E. Wade, J.S.C.

**Hon. Carolyn E. Wade**
**Supreme Court Justice**

4