HSBC Bank USA, N.A. v Schwarz (2025 NY Slip Op 07001)

HSBC Bank USA, N.A. v Schwarz

2025 NY Slip Op 07001

Decided on December 17, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 17, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
PAUL WOOTEN
DEBORAH A. DOWLING
CARL J. LANDICINO, JJ.

2024-03374
2024-03375
 (Index No. 613144/15)

[*1]HSBC Bank USA, N.A., respondent, 
v
David A. Schwarz, appellant, et al., defendants.

Charles Wallshein, Melville, NY, for appellant.
Fein, Such and Crane LLP, Rochester, NY (Michael S. Hanusek and Richard Gerbino of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendant David A. Schwarz appeals from two orders of the Supreme Court, Suffolk County (Vincent J. Martorana, J.), both dated December 12, 2023. The first order granted the plaintiff's motion for summary judgment on the complaint insofar as asserted against the defendant David A. Schwarz, to strike that defendant's third affirmative defense, and for an order of reference. The second order granted the same relief to the plaintiff and appointed a referee to compute the amount due to the plaintiff.
ORDERED that the orders are reversed, on the law, with one bill of costs, and the plaintiff's motion for summary judgment on the complaint insofar as asserted against the defendant David A. Schwarz, to strike that defendant's third affirmative defense, and for an order of reference is denied.
In 2015, the plaintiff commenced this action to foreclose a mortgage against, among others, the defendant David A. Schwarz (hereinafter the defendant). In March 2017, the plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendant, to strike the defendant's affirmative defenses, and for an order of reference. In an order dated August 27, 2018, the Supreme Court, among other things, granted those branches of the motion which were to strike the defendant's first, second, fourth, fifth, sixth, seventh, and eighth affirmative defenses, but denied, with leave to renew, those branches of the motion which were for summary judgment on the complaint insofar as asserted against the defendant, to strike the defendant's third affirmative defense, alleging noncompliance with RPAPL 1304, and for an order of reference. In November 2018, the plaintiff filed a renewed motion for summary judgment on the complaint insofar as asserted against the defendant, to strike the defendant's third affirmative defense, and for an order of reference. In an order dated September 9, 2020, the court, inter alia, denied the renewed motion. Thereafter, in June 2023, the plaintiff moved for summary judgment on the complaint insofar as asserted against the defendant, to strike the defendant's third affirmative defense, and for an order of reference (hereinafter the third motion). In an order dated December 12, 2023, the court granted the third motion. In a second order dated December 12, 2023, the court granted the same relief to the plaintiff and appointed a referee to compute the amount due to the plaintiff. The defendant appeals from both orders dated December 12, 2023.
"Generally, successive motions for summary judgment should not be entertained, absent a showing of newly discovered evidence or other sufficient cause" (Hillrich Holding Corp. v BMSL Mgt., LLC, 175 AD3d 474, 475 [internal quotation marks omitted]; see Wells Fargo Bank, NA v Carpenter, 189 AD3d 1124, 1125). "Evidence is not newly discovered simply because it was not submitted on the previous motion" (Hillrich Holding Corp. v BMSL Mgt., LLC, 175 AD3d at 475 [internal quotation marks omitted]; see Wells Fargo Bank, NA v Carpenter, 189 AD3d at 1125). "Rather, the evidence that was not submitted in support of the previous summary judgment motion must be used to establish facts that were not available to the party at the time it made its initial motion for summary judgment and which could not have been established through alternative evidentiary means" (Hillrich Holding Corp. v BMSL Mgt., LLC, 175 AD3d at 475 [internal quotation marks omitted]; see U.S. Bank Trust, N.A. v Green-Stevenson, 208 AD3d 1205, 1206). "'Successive motions for summary judgment should not be made based upon facts or arguments which could have been submitted on the original motion for summary judgment'" (U.S. Bank N.A. v Kelly, 223 AD3d 932, 934, quoting Hillrich Holding Corp. v BMSL Mgt., LLC, 175 AD3d at 475).
Here, the plaintiff failed to submit any newly discovered evidence on the third motion that could not have been submitted on either of its prior motions, among other things, for summary judgment on the complaint insofar as asserted against the defendant and did not demonstrate sufficient cause why the third motion should have been entertained (see id. at 935; Wells Fargo Bank, NA v Carpenter, 189 AD3d at 1126). Thus, the Supreme Court should have denied the third motion as an improper successive motion for summary judgment (see U.S. Bank N.A. v Kelly, 223 AD3d at 935; U.S. Bank Trust, N.A. v Green-Stevenson, 208 AD3d at 1206).
In light of our determination, we need not reach the defendant's remaining contentions.
CHAMBERS, J.P., WOOTEN, DOWLING and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court